# Dailey, Appellant, *v.* Iselin.

*Practice, C. P.—Plea in abatement—Continuance—Discretion of court—Interlocutory order—Quashing appeal.*

The Supréme Court will quash an appeal from an order continuing a case where it appears that when the case was called for trial a plea in abatement was pending, and the plaintiff refused to file a replication, and thereupon the court continued the cause, and directed that it should remain off the issue list until the plea was disposed of.

Argued April 24, 1901. Appeal, No. 105, Jan. T., 1901, by plaintiff, from order of C. P. Clearfield Co., Sept. T., 1899, No. 320, continuing a cause in the case of J. J. Dailey and H. A. Dailey v. Adrian Iselin. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Appeal quashed.

Assumpsit on a written contract. ·

From the record it appeared that when the case was called for trial a plea in abatement which denied the legality of the service of the original summons was undisposed of. The plaintiff refused to file a replication, and the court thereupon entered the following order:

Now, September 14, 1900, plaintiffs having refused to file replication as proposed, it is ordered, adjudged and decreed that the defendant's motion be and is hereby granted, the cause is continued and the case directed to be taken from the issue list. Exception noted for plaintiffs and bill sealed.

*Error assigned* was the order of the court.

*Frank Fielding* and *George A. Jenks*, with them *Charles Corbet*, for appellants.—The plea in abatement was waived: Wright v. Galloway, 8 W. N. C. 163 ; Michew v. McCoy, 3 W. & S. 501 ; Mutual Life Ins. Co. v. Pinner, 10 Atl. Repr. 184; Dey v. Hathaway Printing, Telegraph & Telephone Co., 4 Atl. Repr. (N. J.) 675 ; Lehigh Valley R. R. Co. v. Hanley, 10 Atl. Repr. 4; Zion Church v. St. Peter's Church, 5 W. & S. 215; Stelwagon v. Kittanning Ins. Co., 41 Legal Int. 24;

Sherer v. Easton Bank, 33 Pa. 134; Dyer v. Walker, 40 Pa. 160; Poor v. Colburn, 57 Pa. 415.

When the court of common pleas makes an order of decision which may operate to the injury of a party, although not a final judgment, error lies : Adams v. Bush, 5 Watts, 289.

The order assigned for error was a final order: Com. v. Judges of Common Pleas of Phila. Co., 3 Binn. 273 ; Grubb's App., 82 Pa. 23; Mackaness v. Long, 85 Pa. 158 ; Pontius v. Nesbit, 40 Pa. 309; Benjamin v. Armstrong, 2 S. & R. 392; Church v. Northern Cent. Ry. Co., 45 Pa. 342; Feagley v. Norbeck, 127 Pa. 242; Overseers of the Poor v. Smith, 2 S. & R. 365 ; Com. v. Betts, 76 Pa. 465; Murdock v. Martin, 132 Pa. 86 ; Bradly v. Potts, 155 Pa. 427.

*George W. Means* and *B. M. Clark, A. L. Cole* and *H. A. Moore,* for appellee, were not heard.

OPINION BY MR. JUSTICE BROWN, July 17, 1901:

A plea in abatement was filed by the defendant in the court below, raising the question of its jurisdiction over him. When the case was called for trial, after having been continued three times, the court's attention was called to this plea, and the very proper suggestion made that it must first be disposed of. Plaintiffs had not joined issue on it, nor moved to strike it off; but, for reasons which need not be here stated, for they cannot be now considered, urged the court to ignore it and to irregularly order the trial to proceed with this undisposed of plea on the record. The reasons given for asking the court to disregard it would have been considered below and reviewed here on an appeal from a final judgment, if the plaintiffs had taken proper steps to dispose of it; but having failed to do so, and having neglected and refused to file a replication, when permitted as the jury was about to be called, there was nothing for the court to do, in the face of their default, or what may not be unfairly termed their perversity, but to order the case continued and to direct that it remain off the issue list, to which it can be restored whenever the plaintiffs see fit to proceed regularly to dispose of the plea in abatement. The order of the court was clearly interlocutory, made necessary by the conduct of the plaintiffs, preventing a final judgment, on an appeal

from which any alleged error committed at any stage of the proceedings can be reviewed. No appeal lies from such an order, and it is quashed.