# Daley, Appellant, *v.* Iselin.

*Evidence—Burden of proof—Pleading.*

A party, whether plaintiff or defendant, asserting the affirmative of a question in dispute assumes the burden of proving it. And the rule is equally imperative whether the proof required be of affirmative or negative matter. Whenever whether in plea, or replication, or rejoinder, or sur-rejoinder, an issue of fact is reached, then whether the party claiming the judgment of the court asserts an affirmative or negative proposition, he must make good his assertions. On him lies the burden of proof.

On the trial of a plea to the jurisdiction of the court where the plea sets up an alleged defective service of the summons, the burden is on the defendant to establish the facts averred in the plea. If there is no evidence to impeach the correctness of the return it is error to give binding instructions for defendant.

*Pleading—Practice, C. P.—Plea to the jurisdiction—Defective service—Delay—Waiver—Appearance.*

Where a defendant files a plea to the jurisdiction of the court it is his duty to have it enforced promptly. If the defendant fails to do so, or if he takes any steps looking to a trial of the cause on the merits he must be held to have waived the right to insist upon his plea; and if he has entered a conditional appearance, such appearance will become general.

. *Practice, C. P.—Appearance—Withdrawal of appearance.*

It is improper practice to permit defendant's counsel to withdraw their general appearance without notice to the plaintiffs or their counsel. The proper practice is to require defendant's counsel to file a petition setting forth the reasons for withdrawing their appearance, and thereupon to grant a rule.

Argued April 18, 1905. Appeal, No. 341, Jan. T., 1904, by plaintiffs, from judgment of C. P. Clearfield Co., Sept. T., 1899, No. 320, on verdict for defendant in case of J. J. Daley and H. A. Daley v. Adrian Iselin. Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Assumpsit to recover balance of purchase money on an alleged contract. Before SMITH, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* among others were (2) in directing a verdict for defendant; (9) in refusing to strike off defendant's plea in abatement.

*Frank Fielding,* with him *Oscar Mitchell* and *W. C. Pentz,* for appellants.—If a party wish to withdraw his appearance he should present his petition stating the reason therefor verified by affidavit, and obtain rule to show cause : Wright v. Galloway, 8 W. N. C. 163 ; Michew v. McCoy, 3 W. & S. 501.

A general appearance by the defendant waives the summons and the service of the writ : Zion Church v. St. Peter's Church, 5 W. & S. 215 ; Schober v. Mather, 49 Pa. 21 ; Stelwagon v. Ins. Co., 41 Legal Int. 24 ; Sherer v. Easton Bank, 33 Pa. 134 ; Dyer v. Walker, 40 Pa. 157.

The appearance de bene esse in this case was in legal effect equivalent to full general appearance, because it was entered after the return day of the writ and when the sheriff's return was on the record : Hoffman v. Kramer, 4 Northampton, 121 ; Bolard v. Mason, 66 Pa. 138 ; Blair v. Weaver, 11 S. & R. 84 ; Mut. Life Ins. Co. v. Pinner, 10 Atl. Repr. 184 ; Dey v. Printing, etc., Co., 4 Atl. Repr. 675.

Any action by the defendant, in person or by attorney, looking to a determination of the cause on its merits operates as an appearance, preventing a default, and subjecting the defendant to the jurisdiction of the court : Jeannette Borough v. Roehme, 197 Pa. 230 ; Byers v. Byers, 208 Pa. 23.

Application to set aside proceedings for irregularity should be made as early as possible : Poor v. Colburn, 57 Pa. 415 ; Del. & Hudson Canal Co. v. Loftus, 71 Pa. 418 ; Bazzo v. Wallace, 16 Nebraska, 290 (20 N. W. Repr. 315.)

Entering rule to take depositions to be read on the trial of the cause was a waiver of the plea in abatement, or any defect in the service of the summons : Ranck v. Becker, 12 S. & R. 412.

The burden of proof in the issue raised on the plea in abatement was on the defendant, who set up the plea. He undertook to contradict and defeat the service of the writ, which was regular on its face : Sheppard v. Graves, 55 U. S. 505 ; Poor v. Colburn, 57 Pa. 415 ; Wilson v. Hamilton, 4 S. & R. 238 ; Ralph v. Brown, 3 W. & S. 395.

*A. L. Cole,* with him *B. M. Clark,* for appellee.—Where pleas in abatement for want of jurisdiction and pleas in bar are filed coincidentally, expressly reserving all benefit and advantage of

the plea in abatement, the filing of the plea in bar will not be held a waiver of that in abatement or ground for striking it off : McConkey v. Peach Bottom Slate Co., 14 Pa. C. C. Rep. 514 ; Nat. Bank of Northern Liberties v. American Ship Building Co., 2 Cent. Rep. 56 ; Phillips v. Library Co., 141 Pa. 462.

OPINION BY MR. JUSTICE MESTREZAT, May 24, 1905 :

This was an action of assumpsit brought in the court of common pleas of Clearfield county to recover a balance of purchase money alleged to be due on a written contract for the sale of certain coal properties situated in that county.   The defendant is a citizen of New York, but it is alleged by the plaintiffs that, at the time of the institution of this suit, he was engaged in business in Clearfield county, and had an agent in that county.   The summons was issued July 10, 1899, returnable to the first Monday of September, which was the fourth day of the month.   On July 11 the sheriff made the following return to the writ : " Adrian Iselin, the defendant within named, not being in my bailiwick at the time of the issuing of this writ, and he being a resident of the state of New York, but being engaged in business in the county of Clearfield, in my bailiwick, I served this summons on the 11th of July, A. D. 1899, on Lucius W. Robinson, the agent of said defendant, at the usual place of business of said agent in DuBois, Clearfield county, Pennsylvania, and in my bailiwick, personally, by giving him a true and attested copy of this writ and by making known the contents thereof to him."   Before the return day of the writ, the defendant appeared generally by having entered on the record the following : "Now, August 8, 1899, we appear for defendant.   Cole & Moore, attorneys."   On September 7, the sheriff returned that he had served notice of the filing of the plaintiff's statement of the cause of action on A. L. Cole, a member of the firm of Cole & Moore.   The next step in the case was a motion by Messrs. Cole & Moore, on September 11, after the return day of the writ, for leave to withdraw their general appearance as attorneys for the defendant, which was granted without notice to the plaintiffs or their counsel and without any evidence, so far as the record discloses, supporting the grounds set forth in the motion that the appearance had been entered " without authority and by

mistake." On the day the counsel were permitted to with-
draw their general appearance they entered an appearance de
bene esse. On September 20, the defendant " appearing es-
pecially and solely to object to the jurisdiction of this court,"
filed a plea to the jurisdiction, setting forth that he was not in
Clearfield county at the time of the service of the writ; that
he is and was at the time of the service of the writ a citizen
and resident of the state of New York; that he has not been
engaged in any business in Clearfield county, and that Robin-
son, on whom the writ was served, at no time was a resident
of Clearfield county and had no place of business in that
county. On the day after this plea was filed the defendant
filed an affidavit of defense, and therein, after reserving his
rights under his plea to the jurisdiction, he set up at length a
defense to the merits of the plaintiffs' claim. On the same
day the prothonotary, as required by the rule of court, entered
the plea of non assumpsit for the defendant. The case was
placed on the trial list for December Term and was continued.
It was again placed on the trial list for February Term, 1900,
but by an agreement in writing between the parties, signed by
their counsel and filed of record, the case was continued until
the next term of court. On April 30, 1900, an amendment to
the plaintiffs' statement was filed with notice to, and without
any objection by, the defendant. On May 7, A. L. Cole, Esq.,
as counsel for defendant, presented his petition to the court
setting forth the absence of a material witness for his client,
and asking for the continuance of the cause until the next
term, which was granted at the cost of the defendant. On the
same day the amendment to the plaintiffs' statement was al-
lowed by the court, and a notice to defendant's counsel to pro-
duce certain papers on the trial, served on A. L. Cole, Esq.,
was filed of record. On June 26, Cole & Moore filed a motion
in court, signed by them as attorneys for defendant, for leave
to enter a rule to take depositions outside the state " to be
read on the trial of this case," which, with the consent of
plaintiffs' counsel, was granted. Depositions were taken on
this rule and filed in the cause. On September 13, after the
case was called for trial and a jury had been selected, the de-
fendant's counsel suggested " the necessity of first passing
upon the preliminary question raised by the plea in abate-

ment." The plaintiffs refused to file a replication to the plea, and, on motion of the defendant's counsel, the cause was continued and ordered from the issue list. An appeal taken from this ruling of the court below was quashed by this court. The case was on the trial list at four different terms, and on each occasion the prothonotary sent to the defendant's attorneys a copy of the list showing the names of the parties, the form of action and the plea in each case. In this case the copy of the list showed the action to be " assumpsit " and the plea " non assumpsit." No reference in the list was made to the plea to the jurisdiction.

On October 1, 1901, the plaintiffs presented their petition to the court setting forth the record proceedings in the case as stated above and averred " that by reason of the facts hereinbefore stated and the law arising therefrom the said defendant waived and abandoned his said special plea, and that he has no legal right to now set up the same in this action," and prayed the court to strike from the record the plea to the jurisdiction filed by the defendant. A rule was granted, but for some reason, not apparent nor easily discernible, it was not disposed of by the court for two years, and then was refused by the learned judge of the 54th Judicial District, specially presiding. The plaintiffs then by direction of the court filed a replication to the plea to the jurisdiction. The cause was again placed on the trial lists for December Term, 1903, and March Term, 1904, and on each occasion the case was continued by agreement of counsel before the session of the court had convened. At September Term, the cause was tried on the issue made up of the plea in abatement and the replication. On the trial the plaintiffs offered in evidence the papers of record in the case in detail. They first offered the summons and the return which were admitted in evidence. They then offered the other papers on file in the case and the record entries, and they were admitted under objection. Subsequently, on motion of defendant's counsel, the court struck out " all of the evidence given by the plaintiffs for the purpose of showing a waiver of the plea in abatement or the plea to the jurisdiction entered in this case." No testimony was offered by the defendant, and at his request the trial judge directed a verdict for him on the ground " that there is not sufficient testimony

in what has been produced here to submit to you any question of fact." Judgment having been entered on the verdict, the plaintiffs have appealed.

We have given the history of this case as disclosed by the record. It furnishes a striking illustration of the "law's delay" and the means by which it can be accomplished, unprecedented, however, we are pleased to say, in the courts of the commonwealth. For nearly six years the court below has been trying to ascertain whether the defendant is subject to its jurisdiction, and the question is still unanswered. For the same length of time, the defendant has been permitted to have counsel in court to attack the merits of the plaintiffs' claim while keeping himself out of court and preventing a trial of the cause on its merits. No system of pleading rightly administered, will produce such a result which is a reproach to the administration of justice. It is a denial of justice accomplished under the forms of law which will not be tolerated by any enlightened system of jurisprudence.

The second and ninth assignments of error raise the controlling questions in the case and are the only assignments which need be considered. The second assignment alleges error in the court in directing a verdict for the defendant. In this ruling the learned trial judge overlooked or misapprehended the issue presented by the pleadings and failed to recognize the fact that the burden of proof rested upon the defendant. Subsequently, the learned judge correctly stated the issue in his written opinion as follows : " This issue of fact, as set up in the pleadings, is : 1. Was Adrian Iselin, the defendant, a nonresident, engaged in business in Clearfield county on July 11, 1899, when this summons was served ? 2. Was Lucius W. Robinson, the agent of said defendant, upon whom the writ of summons was served, a resident of the county of Clearfield who had and maintained an office or usual place of business therein, upon whom a legal service could be made under the act of assembly in such case made and provided ? "

In this issue of fact the burden of proof was on the defendant. His plea asserted the affirmative of the proposition that he was a nonresident of the state, not engaged in business in Clearfield county, and that Robinson, who was served with the writ, as his agent, was not a resident of Clearfield county

and did not maintain an office there.    The plaintiffs filed a replication denying the truth of the allegations in the plea, thereby casting the burden of sustaining them on the defendant : Sheppard v. Graves, 55 U. S. 505 ; Gilmer v. Grand Rapids, 16 Fed. Repr. 708 ; Hart v. Kannady, 33 Texas, 720. It is a maxim of the law and a rule of universal application that a party, whether plaintiff or defendant, asserting the affirmative of a question in dispute assumes the burden of proving it.    And the rule is equally imperative whether the proof required be of affirmative or negative matter.    Whenever, whether in plea, or replication, or rejoinder, or surrejoinder, an issue of fact is reached, then whether the party claiming the judgment of the court asserts an affirmative or negative proposition, he must make good his assertions.    On him lies the burden of proof : Wharton on Evidence (1888), sec. 354.    In 5 Am. & Eng. Ency. of Law (2d ed.), 28, it is said : " If, regardless of terms, it is borne in mind that when the issue is joined he has the burden of proof who seeks to move the court to act in his favor, the question of whether the grounds of his claim are alleged affirmatively or negatively is really of no consequence. . . .    Therefore, where the proof of negative matter is essential to the successful maintenance of a cause of action, this may necessitate a negative averment, and the plaintiff has the burden of proving it, because looking at the substance of the issue as a whole he must be regarded as asserting the affirmative thereof."    In New Albany v. Endres, 143 Ind. 192, McCabe, J., delivering the opinion of the supreme court of Indiana, says : " It is settled law that where a negative is essential to the existence of a right, the party claiming the right has the burden of proving such negative." To the same effect are Amos v. Hughes, 1 M. & Rob. 464, and Soward v. Leggatt, 7 C. & P. 613.

The defendant having offered no evidence to sustain the allegations in his plea which were in contradiction of the facts set forth in the sheriff's return, there was nothing to impeach the correctness of the return and binding instructions should have been given the jury in favor of the plaintiffs.    This would have put an effectual end to the dilatory plea and the consequent delay it accomplished.    This, possibly, would have been the result of the trial had not the learned judge erroneously

held that the burden of proof was with the plaintiffs. This error permeated the whole trial and led the court to grant the motion of counsel to direct a verdict for the defendant. The second assignment must be sustained and the judgment must be reversed.

Having filed his plea to the jurisdiction of the court, it was the duty of the defendant to have it enforced promptly : Wilson v. Hamilton, 4 S. & R. 238. "It is a well established rule of practice," says SHARSWOOD, J., in Poor v. Colburn, 57 Pa. 415, "that application to set aside proceedings for irregularity should be made as early as possible, or, as it is commonly said, in the first instance. If the party take subsequent steps in the cause he cannot afterward revert to the irregularity and object to it." Pleas in abatement should not be regarded with favor, and when a party by entering the plea seeks to oust the jurisdiction of the court and thereby delay a trial of the cause on its merits, he must confine his action strictly to the enforcement of the plea. With that plea upon the record, no further action can be taken in the cause without the defendant's consent until it is disposed of by trial or otherwise. If the plea is sustained, it puts an end to the suit in its incipiency and requires the plaintiff to institute another action, possibly in another form, if he would have the merits of his claim adjudicated. Being a dilatory plea and having the effect of preventing a trial on the merits, it is reasonable and just that he should interpose it and be required to act promptly in having it disposed of, and failing to do so, or if he take any steps looking to a trial of the cause on the merits, he must be held to have waived the right to insist upon his plea and his conditional appearance will become general.

We are of opinion that the defendant in this action cannot be permitted to avail himself of his plea to the jurisdiction. We have stated at length the successive stages of this litigation and the part the defendant, through his counsel, has taken in it. The return of the sheriff shows the service of the writ to have been made in strict conformity with the Act of April 21, 1858, P. L. 403, 1 Purd. Dig. 61, pl. 9. It was filed in the prothonotary's office on July 11, 1899. The defendant did not file his plea to the jurisdiction until September 20. In the meantime, the record shows a general appearance by defend-

ant's counsel, entered August 8, the filing of the plaintiff's
statement on the same day, and service of this statement
on defendant's counsel and the withdrawal of the general ap-
pearance of the latter and an appearance by them de bene esse
on September 11. It will be observed that the plea was not
filed until more than two months after the service of the writ
and after the return day of the writ and more than a month
after the plaintiffs' statement had been filed and served on de-
fendant's counsel. The defendant was guilty of equal or
greater laches and displayed greater activity in preparing for
the trial of the cause on its merits after the plea to the juris-
diction had been filed than he had done prior to that time.
The day after he filed his plea and disregarding its effect, he
filed an affidavit of defense and, while reserving the right to
deny the jurisdiction of the court, yet set up a full and com-
plete defense on the merits. The prothonotary on the same
day entered the plea of non assumpsit, sec. reg. The case
was placed on the trial lists at the next four consecutive quar-
terly terms of the common pleas, extending over a period of
more than a year, and each list, showing the plea of the de-
fendant to be non assumpsit and not to the jurisdiction, was
placed in the hands of the defendant's counsel by the prothono-
tary. During this time and in addition to these affirmative
acts of the defendant and his counsel showing an intention to
disregard the plea to the jurisdiction and to try the case on the
plea of non assumpsit which was of record, his counsel had the
cause continued at his cost and consented on three other occa-
sions to its continuance, permitted the statement to be amended,
and entered a rule to take depositions " to be read on the trial
of this case." It was not until after these several steps in the
case had been taken without objection and a year after the plea
to the jurisdiction had been filed, that defendant's counsel on
the trial and after the jury had been selected suggested " the
necessity of first passing upon the preliminary question raised
by the plea in abatement." The plea of non assumpsit had
then been of record for a year with notice to the defendant's
counsel as the several trial lists in their possession disclosed.
We are constrained to hold that these facts establish a waiver
by the defendant of his right to deny the jurisdiction of the
court and that the plaintiffs' motion to strike off the plea to

the jurisdiction should have prevailed. When this case was here before, Dailey v. Iselin, 200 Pa. 200, we held that the court below properly refused to proceed with the trial on the merits of the case " with this undisposed of plea on the record." For a like reason, after the filing of the plea no further steps in the pleading could be properly taken to form an issue on the merits without defendant's consent until the dilatory plea had been disposed of. The defendant could have prevented any pleading on the merits subsequent to his dilatory plea until that had been disposed of, if he had so desired. On the other hand, he could unquestionably waive his right to insist on his plea and submit himself to the jurisdiction of the court. This may be done as effectively by his acts as by his positive agreement, and we think that the defendant's conduct clearly establishes that he did so in this case. On October 1, 1901, the time the plaintiffs made their motion to strike the dilatory plea from the record, the plea of non assumpsit had been entered and had remained on the record for more than two years with the knowledge of defendant's counsel acquired from the trial lists. This motion should have been allowed had it been made at the time the cause was called for trial on its merits in September, 1900, when the defendant's counsel suggested that the plea in abatement should first be disposed of.

We do not approve the action of the learned court below in permitting defendant's counsel to withdraw their general appearance without notice to the plaintiffs or their counsel. This was a vital step in the proceedings and should not have been taken without notice to the opposite party. An ex parte hearing in a judicial proceeding affecting the merits of the case or the jurisdiction of the court infringes the constitutional guaranty that no person shall be deprived of his property without due process of law. It is seldom permissible, and should never be taken or allowed if the rights or interests of the parties are involved. The proper course in this case was for the court to have required the defendant's counsel to file a petition setting forth the reasons for withdrawing their appearance and thereupon to have granted a rule. The parties could then have been heard, on proofs if necessary, and their rights preserved by a proper order of the court.

The effect of our judgment will be to eliminate from the

case all proceedings subsequent to the appearance de bene esse which became general by the action of the defendant's counsel. The case will then be at issue on the plea of non assumpsit and ready for trial on its merits.

The second and ninth assignments of error are sustained, the plea to the jurisdiction is stricken from the record and the judgment of the court below is reversed at the costs of the appellee, and a new venire is awarded.