## Livingston, Appellant, *v.* Kerbaugh.

*Practice, C. P.—Rules of court—Construction—Review.*

Every court is the best judge of its own rules, and an appellate court will not reverse for any construction of such rules unless it is manifestly erroneous and injurious.

Where the court of common pleas construes one of its own rules so as to make the practice under it conform to the spirit and meaning of the procedure Act of May 25, 1887, P. L. 272, the action of the court below will not be reversed by the appellate court, although the language of the rule may be susceptible of another construction.

Where a rule of court provides that "in appeals from the judgments of the justices of the peace, the appellant shall within ten days after the filing thereof, file a specific affidavit of claim or defense," and the court construes the rule as applicable only in cases ex contractu, as far as an affidavit of defense is required, the appellate court will not adopt another construction.

Argued March 13, 1906.    Appeal, No. 24, March T., 1906, by plaintiff, from order of C. P. Cumberland Co., May T., 1905, No. 7, striking off judgment in case of George Livingston v. H. S. Kerbaugh, Incorporated.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ. Affirmed.

Rule to strike off judgment.    Before SADLER, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order striking off the judgment.

*G. Wilson Swartz*, for appellant.—The uniform practice in Cumberland county for many years in all such cases whether in assumpsit or trespass, has been to file affidavits of defense.

Under the general power of the common pleas to regulate its practice, it has authority to make a rule requiring defendants to file affidavits of defense, and directing judgments against them if affidavits be not filed within a certain time : Vanatta v. Anderson, 3 Binn. 417 ; Jordan v. Cooper, 3 S. & R. 564 ; Barry v. Randolph, 3 Binn. 277 ; Wilkins v. Anderson, 11 Pa. 405 ; Gannon v. Fritz, 79 Pa. 303 ; Lehman v. Howley, 95 Pa. 299.

The local rule of court has the same force as a statute, until it is superseded by positive legislation.

The act of 1887 does not apply to appeals from justices of the peace : Lentz v. Sylvester, 6 Pa. C. C. Rep. 580 ; Marshall v. Neiman, 6 Pa. C. C. Rep. 176 ; Craig v. Knitting Co., 13 Pa. C. C. Rep. 444 ; Heroy Co. v. Smith, 18 Pa. C. C. Rep. 27 ; Meredith v. Ferguson, 19 Pa. C. C. Rep. 190 ; Locher v. Sensenig, 9 Pa. Dist. Rep. 704 ; Watson v. Wehrly, 11 Lanc. L. R. 49 ; Moore v. Hose Co., 5 Montg. Co. 190.

*Caleb S. Brinton,* of *Rupley & Brinton,* with him *Philip T. Meredith,* for appellee.—An examination of the act of 1887 clearly shows that it was the intention of the legislature to confine the remedy by judgment for the want of an affidavit of defense to actions ex contractu alone as they were before the act was passed and not to extend this remedy to actions ex delicto or in their nature ex delicto : Corry v. Penna. R. R. Co., 194 Pa. 516 ; Marlin v. Waters, 127 Pa. 177.

The fact that this case arises on an appeal from a justice of the peace to the common pleas does not create a different rule of practice from cases commenced in that court : Potts v. Benzenhafer, 6 Pa. Dist. Rep. 433 ; Gould v. Gage, 118 Pa. 559 ; Marlin v. Waters, 127 Pa. 177 ; Newbald v. Pennock, 154 Pa. 591 ; Corry v. Penna. R. R. Co., 194 Pa. 516 ; Craig v. Brown, 48 Pa. 202.

Each court is the best judge of its own rules and the Supreme Court will not interfere with the construction put upon its rules by the court below except for palpable abuse : Brennen v. Prudential Insurance Co., 148 Pa. 199 ; Morrison v. Nevin, 130 Pa. 344 ; Bair v. Hubartt, 139 Pa. 96.

OPINION BY HEAD, J., April 23, 1906 :

The disposition of this case requires the consideration and determination of but a single question. Was the construction of one of its own rules by the learned court below so palpably erroneous and injurious to the appellant as to warrant a reversal of the decree complained of ? There is nothing in this record that demands a discussion of those general powers to make rules governing the transaction of their own business inherent in all courts of record, or expressly conferred by our own act

of 1836. Nor would it be useful or profitable to attempt to define or classify the subjects concerning which, since the passage of the procedure act of 1887, courts may still make rules for the entry of judgments, etc., without coming into conflict with the provisions of that act. We have before us a single rule of the court of common pleas of Cumberland county; a construction of that rule by the court that made it resulting in a decree striking off a judgment by default and an appeal from that decree.

The controlling principle by which an appellate court is to be guided in the consideration of such a question has been often announced by our Supreme Court and is plainly stated by STERRETT, C. J., in Carpet Co. v. Latimer, 165 Pa. 617, in the following language:

"We have no doubt as to the correctness of the learned judge's construction of the rule in this case; but if we had, it would require much more than that to justify our interference. As has been frequently said, every court is the best judge of its own rules, and this court will not reverse for any construction unless it is manifestly erroneous and injurious: Coleman v. Nantz, 63 Pa. 178; Wickersham v. Russell, 51 Pa. 71; Gannon v. Fritz, 79 Pa. 303."

The plaintiff began an action of trespass against the defendant before a justice of the peace, claiming damages less than $300, and obtained a judgment for $180. The defendant took an appeal and filed his transcript in the common pleas on February 6, 1905.

Counsel for plaintiff entered his appearance on February 24, 1905, and on same day directed the entry of judgment " by default for want of an affidavit of defense in favor of the plaintiff for $180 with interest, etc., according to rule of court No. 23."

Rule 23 of that court is as follows: " In appeals from the judgments of the justices of the peace, the appellant shall within ten days after the filing thereof, file a specific affidavit of claim or defense, as the case may be, and in the same shall set forth that the appeal is not taken for the purpose of delay, but because he believes injustice has been done to him; and on failure to do so, the prothonotary shall, on a præcipe from the appellee or his attorney, enter judgment for the plaintiff

for the same amount given by the justice of the peace, with interest and costs, if the defendant be the appellant, and for the defendant for costs if the plaintiff be the appellant."

The defendant then petitioned the court to strike off the judgment as unwarranted under a proper construction of the rule cited, and, after hearing, an order was made as prayed for, and from this order or decree this appeal was taken.

Had the action been originally instituted in the common pleas we do not understand appellant to claim that any affidavit of defense would have been required. The procedure would have been the simple one contemplated by the act of 1887 in such cases. If, then, the rule in question is to be construed as appellant contends for, it would follow that the practice and procedure in the lower court, in all actions arising ex contractu, whether originating in the court or coming there by way of appeal, would be uniform and free from confusion or doubt; whilst in the other great class of actions, those arising ex delicto, there would be a wide and serious divergence in the practice, depending on no sound consideration of reason or policy, but solely on the decision of a plaintiff as to whether he would begin his action in the court or allow it to reach there by appeal. That uniformity of practice in the trial of all actions essentially the same is a thing to be desired will not be denied by anyone. In speaking of the spirit and meaning of the act of 1887, Mr. Justice MITCHELL, in Marlin v. Waters, 127 Pa. 177, said: " The act was undoubtedly intended as a step towards uniformity of practice. . . . A statute which as already said, was intended to promote uniformity, ought not to be so construed as to create or preserve such diversities, etc." The plainly expressed desire of the learned court below to so construe its own rule as to keep it in harmony with the spirit of the act of assembly does not therefore seem to us to be proper ground for censure. And especially is this true where no violence is done to the language of the rule itself and no injury is done to anyone. The rule does not say, " in all appeals from the judgments of justices " etc., as the appellant would have it read; nor does it say, " in certain appeals " as the court construes it to read. To correctly ascertain its meaning we must read into it either the one omitted word or the other. In one case we emphasize the lack of harmony between the rule of court and the general law and

maintain useless and arbitrary differences in the progress of actions of the same kind through the courts. In the other we use the rule to promote the object contemplated by the legislature, and to keep the practice in all cases of the same class uniform.

Not only does the construction adopted by the court below thus tend to improve its procedure by removing sources of confusion and mistake and relieving honest litigants from the danger of summary penalties, but it does, in the case before us, no possible injury to the appellant. It is not contended that the defendant is in any danger of insolvency, or that for any other reason there would be any difficulty in collecting a judgment if one should be recovered after a trial on the merits before a jury. We do not mean to say that the language of the rule may not be susceptible of the construction placed on it by appellant; but we do say that all doubts as to the proper construction must be resolved in favor of the one adopted by the court below, because it is primarly best qualified to construe its own rules. It has adopted a construction which, in our opinion, does no violence to the rule itself and no injury to appellant. Following, therefore, the cardinal principle laid down by the Supreme Court, we are obliged to say that we find no such manifest and palpable error in the decree or order appealed from as would warrant us in reversing it.

Appeal dismissed at costs of appellant and a procedendo awarded.