## Durkin et al. v. Beshlin et al.

*Practice, C. P. — Pleading — Pleas to the jurisdiction and in abatement — Act of May 14, 1915.*

1. It was not the intention of the Practice Act of May 14, 1915, P. L. 483, in abolishing "pleas in abatement," to prevent the raising of questions of jurisdiction, misjoinder of parties and the like *in limine*, and where it is necessary to aver matters of fact in raising such questions, what is in substance a plea to the jurisdiction or a plea in abatement may still be filed in advance of a statutory demurrer or an affidavit of defence as to the merits.

2. It was the intention of the Act of 1915 to deal with matters of form only; matters of substance and the fundamental principles of pleading are in no wise affected thereby.

3. Under the Act of 1915, matter going to the jurisdiction or in abatement of the action may still be pleaded *in limine*, but may more properly be in the form of an affidavit, stating the facts relied on concisely and clearly, than in the formal language of the old plea, and may be properly styled an "affidavit to the jurisdiction" or an "affidavit in abatement."

Rule for judgment for want of sufficient affidavit of defence. C. P. Warren Co., Sept. T., 1919, No. 51.

*Frank J. Lyons*, for rule; *H. J. Muse*, contra.

LINDSEY, P. J., Dec. 15, 1921.—This suit was brought Aug. 11, 1919. Plaintiff's statement of claim was filed Aug. 27, 1920. On Sept. 7, 1920, defendants filed a paper entitled "Affidavit of defence," in which they say that they, "without answering the averments of alleged facts in the statement of claim filed and served upon them Aug. 26, 1920, make answer as hereinafter stated for the purpose of raising certain questions of law for determination by the court, and aver as follows." The first paragraph of the paper alleges a variance between the writ and the statement; seven subsequent paragraphs, however, contain averments of facts amounting to the claim (1) that the court has not jurisdiction, and (2) of the misjoinder of parties. The so-called affidavit of defence, therefore, is essentially, and is intended as, a plea to the jurisdiction and a plea in abatement, and in spite of its informality, we think it should be so construed, especially as no objection has been taken as to its form. It was entitled an affidavit of defence presumably from an idea that this was necessary under the Procedure Act of May 25, 1887, P. L. 271, and the Practice Act of May 14, 1915, P. L. 483, on the ground that these acts abolished pleas to the jurisdiction and in abatement. This is not the case.

As to the Act of 1887, it was held that it abolished only the technicalities of special pleading; the fundamental principles remained untouched: Emmens *v.* Gebhart, 7 Pa. C. C. Reps. 522; Rankin *v.* Du Puy, 48 Pitts. L. J. 335.

In the case of Fix *v.* Railroad Co., 5 Pa. C. C. Reps. 420, there was a motion for leave to file an amended plea in abatement, the substance of which was, that plaintiffs were possessed of the real estate in common with others, who were not joined in the action. It was objected that the Act of 1887 abolished all special pleas and allowed but one plea in trespass, that of not guilty. It was argued, in reply, that if the legislature had intended to abolish dilatory pleas, a suitable substitute would have been provided in their place. This view was adopted by the court and the amendment allowed.

A plea in abatement is the correct way to raise the question of jurisdiction. The practice is unchanged by the Act of 1887: Sheetz *v.* C. & O. Ry. Co., 10 Dist. R. 373.

The Act of 1887 did not abolish pleas in abatement: Virtue *v.* Ioka Tribe, 5 Dist. R. 634; McConkey *v.* Peach Bottom Slate Co., 14 Pa. C. C. Reps. 514;

Slatteny *v.* Pa. R. R. Co., 21 W. N. C. 556; Becker *v.* Street Ry. Co., 25 Pa. Superior Ct. 367; Smith *v.* Insurance Co., 173 Pa. 15.

It was approved as correct practice in Fitzpatrick *v.* Riley, 163 Pa. 65; Deshong *v.* Deshong, 186 Pa. 227; Gardner *v.* Kiehl, 182 Pa. 194.

In Daley *v.* Iselin, 212 Pa. 279, a plea to the jurisdiction was interposed, and its effect as raising a preliminary issue of fact fully considered by the Supreme Court.

Similar reasoning would lead to the conclusion that the Act of 1915 does not, as to the substance thereof, abolish pleas in abatement. Section 3 of the Act of 1915 provides that "pleas in abatement, pleas of the general issue, payment, payment with leave set-off, the bar of the statute of limitations and all other pleas are abolished. Defences heretofore raised by these pleas shall be made in the affidavit of defence." The Act of 1915, in section 16, provides that the defendant at the trial cannot make any defence that is not set forth in the affidavit of defence, and defines the affidavit of defence as a pleading. There remained no necessity, therefore, for any other of the usual pleas in bar, and it was natural to abolish them. But pleas in abatement are also specifically named as being abolished, and it is provided that "defences heretofore raised by these pleas shall be made in the affidavit of defence." Must the defendant then be remitted to the general affidavit of defence on the merits to raise the question of jurisdiction and, therefore, be compelled to prepare his whole case and not be able to first secure a determination of whether or not the court has jurisdiction in advance of a trial on the merits?

It may be taken as a fundamental proposition that the Act of 1915 was intended to deal with matters of form only and not matters of substance. It was not intended to change or take away any substantive right, but only to deal with the forms in which they should be brought before the court and jury. This is apparent from the whole act and the general nature of its provisions, and has been recognized by the courts in construing it. In Herron *v.* Florence Presbyterian Church, 27 Dist. R. 1025, 46 Pa. C. C. Reps. 287, it is said: "Originally the function of an affidavit of defence was merely to show that the defendant had such a defence as entitled him to a jury trial, and when so entitled it was also necessary, in order that an issue might be framed for trial, that he formally set up his defence by a plea. The Act of 1915 has abolished pleas and demurrers and has given to the affidavit of defence the function formerly performed by the plea (or demurrer) in addition to its original function." In Mollenauer *v.* Washington County, 28 Dist. R. 199, 46 Pa. C. C. Reps. 300, it is said: "The Practice Act of 1915, in abolishing both demurrers and pleas and giving to the affidavit of defence the function formerly performed by each of them, has not changed fundamental principles. When, by his affidavit of defence, a defendant asks the court to determine a question of law under section 20, he is using the affidavit as the equivalent of a demurrer, and he can do this only on the basis of the facts averred by the plaintiff. When, on the other hand, he sets up an affirmative defence based on facts not previously appearing in the case, but averred by himself, he is using the affidavit as a plea, making an issue for a trial by a jury, and must establish the facts which he so avers by proof before he can ask for a final judgment in his favor based upon them." The remarks of Justice Mitchell in Barclay *v.* Barclay, 206 Pa. 307, with reference to the Act of 1887 on procedure, are applicable under the Act of 1915: "The act directed that 'special pleading is hereby abolished,' but it was a vain and futile direction which abolished only the name, the substance is inherent in the nature of litigation and cannot be destroyed by the reforming panacea

1 D. & C.

for imaginary ills, of calling things essentially different by the same name. Some glimmering of this fact seems to have entered the mind of the legislature in passing the act. The general intent undoubtedly was, badly as it was carried out, to simplify and make the pleadings more direct, so that each side should know the exact point of controversy raised by the other." And also applicable, the remark of Judge McIlvaine in Hughes *v.* Snee, 9 Dist. R. 526, with reference to the Act of 1887, that "the legislature of our State which abolished special pleading, did not intend to deprive suitors of the benefits of special pleading." This intent appears also by the language of the Act of 1915: "Defences heretofore raised by these pleas shall be made in the affidavit of defence;" showing that the intent was not to in any way limit the right of asserting any defence that might be interposed under existing law. It would seem that what was intended to be regulated was the usual pleas in bar of the action and that it was such matter of defence which was intended to be relegated to the affidavit of defence. But, although this is the case and there seems to be no intent to interfere with any matter of substance, pleas in abatement are included in the list of pleas abolished. Did the legislature intend to prevent the raising of the question of jurisdiction as a preliminary issue? Such would seem to be contrary to the spirit and general scheme of the act. In the case of the demurrer, while it is provided that demurrers shall be abolished and that "questions of law heretofore raised by demurrer shall be raised in the affidavit of defence," it is recognized by the act that there is a necessity for raising questions of law separately and apart from questions of fact, and it is provided that questions of law may be raised by affidavit of defence without answering the facts at all and be first decided, and if ruled against the defendant, he may then file a "supplemental" affidavit of defence. So that, after abolishing demurrers, the act then provides for what is in substance a demurrer, but under the name of an affidavit of defence, thus further evidencing the intention to affect not matters of substance, but matters of form only. Further, while the act speaks of "the" affidavit of defence, it is evident that more than one affidavit of defence is contemplated. Did the legislature have in mind those questions as to the jurisdiction, non-joinder of parties, etc., and if it did, would it not have provided for a disposition of them in advance of the trial on the merits if it had intended to do away with the existing method of raising those questions? If we were to confine our attention to the literal reading of the clause of the act, "pleas in abatement . . . are abolished," this would do away with the motion to quash a writ as well, for "*Cassare*" is the Latin word, as "*Abatre*" is the Norman-French, which we translate in English "abate," quash being derived from *cassare*, as abate is from *abatre:* Stephen on Pleading (9th Am. ed.) 47, 22 App. But surely no such result could have been intended.

In our opinion, the plain intention of the act is to deal only with matters of form; matters of substance and the fundamental principles of pleading are in no wise affected thereby. It follows that a dilatory plea may be interposed in exactly the same way and with exactly the same force and effect as before the act. Full effect can be given to the act by holding that it requires only that the matter be set forth in the form of an affidavit stating the facts relied on concisely and clearly, and not necessarily in the old formal language of the plea. It is suggested that in the same way as it has become the practice to style an affidavit of defence raising questions of law a statutory demurrer to distinguish it from the affidavit of defence as to matters of fact on the merits, so it would be proper to style the affidavit of defence setting

up a dilatory plea an "affidavit in abatement" or an "affidavit to the juris-diction."

However, while pleas to the jurisdiction are sometimes loosely spoken of as pleas in abatement, there is a clear distinction connected with the order of pleading which has persisted almost without change from the earliest periods of our law: 1 Reeves's Hist. Eng. Law, 451.

This order is, first, to the jurisdiction of the court, by which the defendant excepts to the jurisdiction of the court to entertain the action at all; second, to the disability of the person of the plaintiff or the defendant; third, to the count or declaration; fourth, to the writ; the second, third and fourth species of pleas being termed pleas in abatement because they seek to abate the writ or declaration; and fifth, to the action itself in bar thereof. This, it is said, is the natural order of pleading, because each subsequent plea admits there is no foundation for the former: Stephen on Pleading (9th Am. ed.), 46; 1 Chitty on Pleading, 427; Bacon's Abridgement, Pleas, A; Coke on Littleton, 303 and 304.

This is still the law in Pennsylvania: Titusville Iron Works *v.* Keystone Oil Co., 130 Pa. 211.

"The pleas to the jurisdiction are frequently mentioned as pleas in abate-ment, but inaccurately; for in their form they are not pleaded as grounds for abating the action, but for refusing to answer in the court in which the action is brought. It is true that in their effect they defeat the action; but the case is the same with pleas in bar, which are yet essentially distinguished from pleas in abatement:" Stephen on Pleading, 46, n. 20 App.

"A plea to the jurisdiction is not properly a plea in abatement, although in its consequence it be so; and, therefore, is to have its proper conclusion, as *respondere non debet* or *si curia cognoscere velit*, and not *quod billa cassetur:*" Bacon's Abridgement, Pleas E 2; 1 Chitty on Pleading, 428; 3 Blackstone's Commentaries, 301.

The correct designation of "plea to the jurisdiction" is used in Daley *v.* Iselin, 212 Pa. 279; McConkey *v.* Peach Bottom Slate Co., 14 Pa. C. C. Reps. 514; and, indeed, in most of our own reported cases, and where the other term is used it is clearly through inadvertence.

Pleas to the jurisdiction are not mentioned in the Act of 1915, and it would seem to be plain from the whole act that they were not within its contem-plation.

A plea to the jurisdiction and in abatement having been filed then by defendants, the plaintiff could do either of two things. He could file a demurrer, thereby admitting the facts alleged in the plea and claiming judg-ment on the law applicable thereto, or he could file a replication denying the facts alleged and putting defendants to the proof of them, thus completing the preliminary issue, which must be disposed of in some way before there can properly be any further steps looking to a decision on the merits. As was said in Daley *v.* Iselin, 212 Pa. 279: "When a party, by entering the plea (to the jurisdiction), seeks to oust the jurisdiction of the court, and thereby delay a trial of the cause on its merits, he must confine his action strictly to the enforcement of the plea. With that plea upon the record, no further action can be taken in the cause without the defendant's consent until it is disposed of by trial or otherwise. If the plea is sustained, it puts an end to the suit in its incipiency and requires the plaintiff to institute another action, possibly in another form, if he would have the merits of his claim adjudicated."

In this case, however, the plaintiff has neither replied nor demurred, nor have the defendants taken any steps to compel him to do so. Defendants,

1 D. & C.

Durkin et al. *v.* Beshlin et al.

under an erroneous impression, noted the case on the argument list on the statement and plea. But there was no issue, either of law or fact, to be disposed of, and in an oral opinion the court so stated, and stated our opinion of the situation of the pleadings as herein set forth, making an order that the case be proceeded in according to law. We did not deem it necessary at that time to file a written opinion, as at the same sitting of the court we had handed down an opinion in another case fully discussing the questions involved. However, nothing further was done in the cause until this rule for judgment was entered.

Can we treat this rule as a demurrer and dispose of the preliminary question as a matter of law? In our opinion, a rule for judgment is not an appropriate way to raise the legal question on the preliminary plea; we think that should be done by demurrer. Moreover, we are not certain that it is the intention of plaintiff's counsel to admit the facts pleaded and rely on the law applicable thereto, and we do not desire to preclude the plaintiff from raising either issue of law or fact, as he may desire.

Since the taking of the rule defendants have filed a supplemental affidavit of defence on Oct. 22, 1921. There is no doubt of the right of defendants to file a supplemental affidavit of defence at any time before judgment: Bordentown Banking Co. *v.* Restein, 214 Pa. 30; Donoghue *v.* O'Kane, 55 Pa. Superior Ct. 11.

But should the filing of the affidavit of defence on the merits be held to be a waiver of the plea in abatement? Filing a plea in bar coincidently with a plea to the jurisdiction, and with an express reservation of the benefit of that plea, does not amount to a waiver of the plea in abatement nor to ground for striking it off: McConkey *v.* Peach Bottom Slate Co., 14 Pa. C. C. Reps. 514; Dailey *v.* Iselin, 212 Pa. 279, and see Dailey *v.* Iselin, 200 Pa. 200.

While the defendants in their affidavit to the merits have made no reservation of their plea in abatement under the situation of this case, we do not think we should hold that they have waived it by filing the supplemental affidavit of defence. If they desire to do so, any further steps looking to a trial on the merits would doubtless be so construed: Daley *v.* Iselin, 212 Pa. 279, 286.

And now, Dec. 15, 1921, the rule is discharged, without prejudice to the right of the plaintiff to renew the same as to the supplemental affidavit of defence after the preliminary plea entered by defendants has been disposed of.

From W. S. Clark, Warren, Pa.