## McCormick, Executor, v. Perry et al.

*Stevens & Lee,* for plaintiff; *R. G. Bushong,* for petitioner.

SCHAEFFER, P. J., June 11, 1930.—In the above suit the sheriff has made return that he served "the within defendants, John H. Perry and Richard Lloyd Jones, trading as Perry Lloyd Jones Newspapers, nonresidents of the State of Pennsylvania, doing business in the County of Berks but not residents therein by giving" copies "to Joe Hornstein, the agent of said defendants at the usual place of business of said agent, Sixth and Walnut Streets, in the City of Reading," etc.

Thereupon Mr. Hornstein presented his petition, under the Act of March 5, 1925, P. L. 23, to this court, averring that he is the general manager of the Reading Times Publishing Company, a corporation, with offices at Sixth and Walnut Streets, that service of the writ and statement had been made upon him, that John H. Perry is a citizen of the State of New York and Richard Lloyd Jones is a citizen of the State of Oklahoma, and that he, Hornstein, is not the agent of either Perry or Jones, whereupon a rule was issued to show cause why said service should not be set aside.

In answer to said petition and rule, the plaintiff, by his attorneys, filed a demurrer upon the ground that the petition is not made by either of the defendants named in the writ, that it is not made by any duly authorized agent of the defendants, and that the petitioner has no right or interest to make any objection to the service.

But we are of the opinion that the demurrer must be overruled. The petition to set aside the service is made by the very party upon whom the service

was made. He certainly had an interest in the proceeding, if only to see that no liability accrues to himself by reason of the service upon him. He may not believe himself to be the agent of Messrs. Perry & Jones, or of either of them, and yet in fact and law it may be that he is. He has such an interest that warrants him, in our estimation, in presenting the petition in question.

By the provisions of the Act of March 5, 1925, P. L. 23, "whenever in any proceeding . . . jurisdiction over the defendant . . . is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions." The act does not deny to one whom the sheriff has attempted to serve as the agent of the defendants the right to raise the question of jurisdiction. In a case such as the present, where both defendants are nonresidents, it would seem that the one served as agent of the defendants, if he be in fact not their agent, would be the only person interested to question the validity of the proceeding.

The alleged agent here has moved promptly to raise the question. His petition was presented five days after the alleged service upon him—in fact, before the sheriff had made his return of such service. There are no facts such as existed in Daley v. Iselin, 212 Pa. 279, which can be construed as a waiver of the issue of jurisdiction.

In O'Brien v. Bartlett, Hayward & Co., 12 Dist. R. 746, the present Chief Justice, then a Common Pleas judge, said: "The rule that a sheriff's return cannot be contradicted is true only as to matter returned which the officer knows of his own knowledge, such as the time, place, manner of service, and the person upon whom made, but does not apply to facts returned, the truth of which he could only know from hearsay, such as the defendant is a nonresident doing business within the county and that the person upon whom service was made is his agent." To the same effect is Buckley v. Shuler, 12 D. & C. 298.

It is true that the burden here of proving the fact that Mr. Hornstein is not the agent of the defendants rests upon the petitioner, even though that amounts to proving a negative: Daley v. Iselin, supra (page 285).

And now, June 21, 1930, the demurrer is overruled.

From Charles K. Derr, Reading, Pa.