## Sheaffer et ux. v. Turrill

*Mark E. Garber*, for plaintiffs.
*Davies & Harrigan*, for defendant.

REESE, P. J., February 24, 1938.—Plaintiffs herein brought an action of trespass against defendant to recover damages sustained in an automobile collision. The action was instituted by the issuance of a writ of capias ad respondendum on August 21, 1936, returnable on September 21, 1936. On August 21, 1936, defendant filed a bond in the sum of $1,000, with William R. Feuchtenberger as surety.

On September 9, 1936, the following entry was made by defendant's attorneys on the appearance docket: "September 9, 1936, defendant appears by his attorneys, Guy H. Davies and Ray T. Harrigan."

On September 30, 1937, plaintiffs' attorney, Mark E. Garber, went to the office of Davies & Harrigan to serve upon them a copy of plaintiffs' statement of claim. He was told that they no longer represented defendant, but Mr. Garber served the copy of the statement upon them and on the same day filed the statement together with an affidavit of service.

On October 1, 1937, Davies & Harrigan, on behalf of Mr. Feuchtenberger, surety on defendant's bond, presented a petition setting forth the foregoing facts. It was also averred that on March 19, 1937, Davies & Harrigan wrote to defendant at Detroit, Mich., stating that because he had not replied to letters and had paid no fees or retainer they withdrew as his attorneys and would cease immediately to represent him. The petition prayed and the court granted a rule on plaintiffs to show cause:

". . . why the appearance of Davies & Harrigan in this case should not be stricken off the record as of March 19, 1937, and why the attempted service of the statement of claim shall not be declared void and of no effect, and why this case shall not be non prossed and in the meantime all proceedings to be stayed."

An answer was filed and on the petition and answer the matter was argued and submitted to us.

Undoubtedly there was a proper appearance in the action effected upon the entry of appearance on the docket by defendant's attorneys. Cumberland County Common Pleas Rule of Court 35 provides:

"The appearance of the defendant, either by person or attorney, shall be by paper filed and noted on the docket, or by the signature of the party or his attorney on the docket."

The question before us, therefore, is whether defendant's attorneys effected a withdrawal from the case by their letter to defendant on March 19, 1937, or whether their withdrawal could only be effective with leave of court. If leave of court was required, then defendant's attorneys still represented him when the statement of

claim was served upon them on September 30, 1937. In 7 C. J. S. 943 §110, it is said that:

"An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court."

"An attorney seeking to withdraw must make an application to the court, for the relation does not terminate formally until there is a withdrawal of record; at least so far as the opposite party is concerned, the relation otherwise continues until the end of the litigation": 6 C. J. 674. See also Spector v. Greenstein, 85 Pa. Superior Ct. 177, and Newmann et al. v. Goldhammer et al., 24 Dist. R. 402.

"No attorney or solicitor can withdraw his name after he has once entered it upon the record, without the leave of the court; and while his name continues there the opposite party has a right to treat him as the authorized attorney or solicitor and the service of notice upon him is valid": Tripp v. Santa Rosa Street R. R. Co., 144 U. S. 126, 128.

See also Rio Grande Irrigation & Colonization Co. v. Gildersleeve, 174 U. S. 603. Nor should the court permit withdrawal of counsel without notice to the opposite side: Daley v. Iselin, 212 Pa. 279.

It follows from the foregoing principles that on September 30, 1937, when the statement of claim was served, Davies & Harrigan were still defendant's attorneys. Since their appearance was entered upon the record, plaintiffs could treat them as attorneys for defendant until their withdrawal had been properly effected by notice to the client and to plaintiffs and by leave of court. Service of the statement of claim upon the attorneys constituted a valid and proper service upon defendant. Cumberland County Common Pleas Rule of Court 237 provides: "Copies of all pleadings shall be served upon the opposite party or his attorney of record".

We cannot authorize defendant's attorneys to withdraw nunc pro tunc as of March 19, 1937. To do so would prejudice plaintiffs and render ineffective the service of the statement of claim. But inasmuch as defendant has been notified of their desire to withdraw and the present proceeding is notice thereof to plaintiffs, and since defendant has not answered the letters of his attorneys nor paid them any fees, the court is justified in granting them leave to withdraw as of this date. Defendant will have ample time to procure other counsel before trial of the case, and if necessary the court could appoint counsel to defend the action for him.

We are also asked to enter judgment of non pros against plaintiffs for failure to file their statement of claim within one year from the return day of the writ. The return day was September 21, 1936, and the statement was filed on September 30, 1937. Our Rule of Court 1 provides:

"Unless a statement or declaration be filed within one year from the return day to which the action is brought, if the defendant be within the jurisdiction of the court, either by service or by general appearance, a *non pros.* will be entered by the prothonotary upon the *præcipe* of the defendant's attorney, or upon the written request of any officer to whom costs are due; provided that the *præcipe* or request be accompanied by an affidavit that ten days' notice of an intention to file it was served upon the plaintiff or his counsel."

Under such a rule of court, defendant had the right to proceed to judgment of non pros. at the expiration of one year. But since the right was not exercised, there was in effect a waiver of the requirement of the rule and acquiescence in the delay, and defendant cannot move for judgment of non pros after a statement has been filed: Somerset County v. Upper Turkeyfoot Twp., 29 D. & C. 717; Lessy v. The Great Atlantic & Pacific Tea Co., 13 D. & C. 400. To take advantage of the rule of court, the motion

for judgment of non pros must be made after the expiration of the year but before the statement of claim is filed. It follows that the foregoing rule of court does not, under the circumstances, require a judgment of non pros.

It is extremely doubtful whether defendant's surety on the capias bond can properly ask the court to permit withdrawal of defendant's attorneys and to enter judgment of non pros.

Another matter must be disposed of. The present rule was granted on October 1, 1937, on the same date that the petition herein was presented. On the same date a præcipe was filed directing the prothonotary to enter judgment of non pros, "no declaration or statement of claim having been filed within one year from the return day of the writ, i. e., September 21, 1936." The præcipe was signed by Davies & Harrigan, attorneys for Wm. R. Feuchtenberger, surety on defendant's capias bond. On the same date, October 1, 1937, the prothonotary, in compliance with the præcipe, entered judgment of non pros against plaintiffs.

The judgment of non pros must be set aside and stricken off. The præcipe was not accompanied, as required by Rule of Court 1, supra, "by an affidavit that ten days' notice of an intention to file it was served upon the plaintiffs or their counsel."

Secondly, as already pointed out, the motion for judgment of non pros could not be made after the statement of claim had been filed. In the third place, the order granting the present rule, which order was submitted and prepared by the attorneys for the surety, stayed all proceedings. For that reason judgment of non pros could not be entered on the same day the order was made, nor thereafter until disposition of the rule. Lastly, Rule of Court 1 provides for entry of judgment of non pros upon præcipe of defendant's attorney. The rule of court contains no provision for judgment of non pros at the instance of defendant's surety.

And now, February 24, 1938, the rule to strike off, as of March 19, 1937, the appearance of Davies & Harrigan as attorneys for defendant; to set aside the service of the statement of claim; and for judgment of non pros is hereby discharged. It is further ordered that Davies & Harrigan are hereby granted leave to withdraw, as of this date, by proper entry on the appearance docket, as attorneys for defendant herein. It is further ordered that the judgment of non pros against plaintiffs entered on October 1, 1937, be and the same hereby is set aside and stricken off.