# Kauffelt *versus* Moderwell.

1. The right to command the services and receive the wages of a minor son being in the father, when he makes a contract for them there is no ground for presuming that he is acting as agent for his son, or that the other party knows it; and therefore the law does not presume it.

2. Where a father makes a contract for the services of his minor son, without giving notice that the wages are to be paid to the son, the right of action for the wages belongs to the father.

ERROR to the Common Pleas of *Lancaster county*.

This was an action on the case by S. S. Moderwell, a minor, by his next friend John Moderwell, *v.* Henry Kauffelt, for service rendered as a clerk in a transportation house, in which A. P.

[Kauffelt v. Moderwell.]

Moderwell and Kauffelt, the defendant, were at the time partners. In the articles of partnership Kauffelt engaged to furnish at his expense, *the services of a competent clerk as assistant.* It was alleged on the part of the minor that he rendered the service not for the firm, but for Kauffelt. The father was examined on the part of the plaintiff, under exception, and he testified that he made no claim to his son's wages. That he told his son before he commenced the service, that all he earned should be his own. He said he never told this to Kauffelt; that Kauffelt told him to tell his son to come there. He said there was no agreement as to wages. He said the partnership was dissolved.

He further stated, that Kauffelt was willing to allow the account of the plaintiff, but he wanted it taken out of his father's account, who was indebted to the firm.

LONG, J., charged the jury that the ignorance of the defendant of the promise of the father to the son, that all he made in the employment should be his own, did not prevent the plaintiff from maintaining the suit. He referred to the jury the question as to whether a contract existed between the son and the defendant.

August 25, 1852, verdict was rendered for the plaintiff for $255.

Error was assigned, 1. In admitting the father as a witness: 2. In instructing the jury that the ignorance of the defendant of the agreement by the father with his son, to relinquish to his son his claim to his services, would not prevent the plaintiff from maintaining his suit: 3. In referring to the jury the fact whether a contract was made by the plaintiff with the partnership or with the defendant alone; it being alleged that the only express contract proved was with the father, and that there was no evidence in the case from which a contract could be implied between the plaintiff and the defendant alone, the services having been rendered to the partnership. 4. In not instructing the jury that on the whole testimony the plaintiff could not recover.

*Franklin,* with whom was *Patterson,* for plaintiff in error.— That the father was incompetent as a witness was cited 6 *W. & Ser.* 139; 1 *Harris* 641.

A person dealing with an agent in ignorance that he is other than the principal party, will be entitled to the same right of set-off as if the agent were the only principal: *Story on Agency,* sec. 420.

It was alleged that if a contract could be implied from the rendition of the services, it should be with the partnership and not

[Kauffelt *v.* Moderwell.]

with Kauffelt alone; and that there was no proof as to such a contract to be referred to the jury.

*Frazer*, with whom was *Patterson*, for defendant in error.—By the terms of the partnership Kauffelt was bound to furnish at his own expense a competent clerk. He employed the one who preceded the plaintiff. The defendant did not dispute the amount of the plaintiff's account, but required it to be applied to the indebtedness of the father to the partnership. A minor son, authorized by his father to go out to service, and receive his earnings for his own use, may maintain an action for his wages against his employer, although such authority by the father has not been made known to the employer when the minor entered into the service; and if in such case, no express contract be made with the employer, the law will imply a promise by him to the minor, and not to the father: 19 *Pick.* 29.

The opinion of the Court was delivered by

LOWRIE, J.—There is no error except in inferring from such evidence a contract with the son. The law implies contracts according to the facts appearing to the minds of the parties. When a minor is permitted, by his father, to make his own contract for service, it is fair to presume that he is allowed also to receive the wages for himself, and so the law implies the contract until a contrary purpose appears. But it is not so when the father himself makes the contract. He has a right to command the services and receive the wages of his minor son, and when he makes a contract for them, there is no ground for the presumption that he is acting as agent of his son, or that the other party knows it, and intends the contract to be with the son; and therefore the law cannot imply that such was the contract as matter of fact, or impose it as matter of duty. The private arrangement between the father and son in this case, was a matter of their own, which constitutes no part of the transaction, and which is indeed revocable at the father's pleasure. To allow a recovery by the son in such a case, might defeat just claims of Kauffelt against the father.

Judgment reversed and new trial awarded.