## Wright et al. v. Steward.

*F. Lyman Windolph* and *E. M. Gilbert*, for plaintiff.

*H. Edgar Sherts*, for defendant.

GROFF, J., Sept. 26, 1930.—In the above action the defendant filed an affidavit of defense raising a question of law:

"1. Plaintiff's amended statement shows that the real parties plaintiff are Charles Wright, Jr., and Nathaniel Wright, minor children of Charles F. Wright, Sr., and that the action is for wages for the services of said children, alleged to be due on a contract made by their father with the defendant.

"*(a)* In such case, the right to the wages of the minor children is in the father, and he, in his own right, and not in the right of the children, is the only proper party plaintiff.

"*(b)* In such case, if there be any right of action in the children, the right is several and not joint, and separate actions in *assumpsit* must be brought by each child."

As to paragraph 1 and 1 *(a)*, the statement says that "Charles Wright, Jr., was to receive the sum of $1.50 a day for every day that he worked on said farm, and by agreement, the younger boy, who was then about twelve years of age, was to be paid for his services whatever they were reasonably worth," and then sets out that Charles Wright, Jr., had worked a certain number of days, earning $865.50, and that Nathaniel Wright had worked a certain number of days at 25 cents per day, earning $171.25. If this is true, and the minors were to receive the sums alleged in the statement, it would seem to us that they would be emancipated, so far as those sums were concerned, and would be entitled to receive the same.

In the case of McCloskey *v.* Cyphert, 27 Pa. 220, 225, Mr. Justice Black, delivering the opinion of the court, said:

"The right of an infant to be the owner of property is as clear and as well protected as that of a person who has arrived at full age. When anything is given to an infant to be held by him in his own right, he has the title to it, and the parent, guardian, or master has in law no more right to take it . . . than a stranger. . . .

"This emancipation of the son from the father's control may be as perfect when they both live together under the same roof as if they were separated.

The father's renunciation of all legal right to the son's labour is not the less absolute, because other family ties continue unbroken, and the son's security in his rights of property would not be at all increased by turning his father out of doors."

If the father in this case desired to encourage his sons to labor by giving them their own earnings, under a contract with the defendant they would have a right to recover and retain the same.

The case of Kauffelt *v.* Moderwell, 21 Pa. 222, cited by the defendant, is, in our opinion, not at variance with the above conclusions. In that case, in the opinion, at page 224, the court said:

"The law implies contracts according to the facts appearing to the minds of the parties. When a minor is permitted by his father to make his own contract for service, it is fair to presume that he is allowed also to receive the wages for himself, and so the law implies the contract until a contrary purpose appears."

In the same case, in the syllabus, we find that "Where a father makes a contract for the services of his minor son, without giving notice that the wages are to be paid to the son, the right of action for the wages belongs to the father."

In this case it is alleged that the sons were to receive the wages.

In Davis et al. *v.* Investment Land Co., 296 Pa. 449, 452, Mr. Justice Simpson, delivering the opinion of the court, says:

"In determining whether or not such a judgment [meaning judgment on a question of law] should be or should have been entered, two rules must always be applied: (1) The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon the facts averred, it shows with certainty that the law will not permit a recovery by plaintiff; and (2) where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it."

A fair consideration of the statement in this case does not show with certainty that the law will not permit a recovery by the plaintiffs upon the facts averred. There is, at least, a doubt as to whether or not summary judgment should be entered, and, as Mr. Justice Simpson says, this should be, and we do resolve it, in favor of the plaintiffs.

Now, as to 1 *(b)*—"In such case, if there be any right of action in the children, the right is several and not joint; and separate actions in *assumpsit* must be brought by each child."

At common law it was held that a misjoinder of parties plaintiff need not be pleaded in abatement, but was fatal to the maintenance of the action, and could, therefore, be raised in bar: 47 Corpus Juris, 215, § 413.

Under our Practice Act of May 14, 1915, P. L. 483, § 3, we find that:

"Pleas in abatement, pleas of the general issue, payment, payment with leave, set-off, the bar of the statute of limitations, and all other pleas are abolished. Defenses heretofore raised by these pleas shall be made in the affidavit of defense."

Section 4. "Demurrers are abolished. Questions of law heretofore raised by demurrer shall be raised in the affidavit of defense, as provided in section twenty."

Therefore, examining the Practice Act of May 14, 1915, P. L. 483, we find that the improper joinder of plaintiffs, which would naturally be raised by a plea in bar at the common law, should now be raised in the affidavit of defense, as provided in section 3 of the Practice Act above referred to, and not by an

affidavit of defense raising a question of law, as provided in section 4 of the said Practice Act.

It is the opinion of the court, for the above stated reasons, that the question of law raised by the defendant does not dispose of the whole, or any part, of the claim, and the court decides the question of law so raised against the defendant, and permits him to file a supplemental affidavit of defense within fifteen days from the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.