## In re Minor's Application for Marriage License

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

Appellant, p. p.

Clerk of orphans' court, p. p.

LADNER, J., June 24, 1947.—This is an appeal from the refusal of the clerk to issue a marriage license.

The female applicant, who is approximately 18 years and three months of age, made application to the marriage license clerk of the Orphans' Court of Philadelphia County for a license to marry the male applicant, aged 22 years and seven months. Her mother gives her written consent but her father does not.

The female applicant, and her mother and father, live together in the same household. There is no showing that the father ever neglected his duty to support, maintain and educate his minor daughter, nor that he ever relinquished his custody and control over her; nor has she ever been emancipated.

The clerk has refused to issue the license without the consent of the father, and this appeal raises the question whether, in view of the mother's consent, the father's consent is also necessary.

We think the clerk was right in refusing the application without consent of the father. The pertinent portion of section 3 of the Marriage License Act of June 23, 1885, P. L. 146, with amendments, 48 PS §5, reads as follows:

"If any of the persons intending to marry by virtue of such license shall be under twenty-one years of age, the consent of their parents or guardians shall be personally given before such clerk, or certified under the hand of such parent or guardian, attested by two adult witnesses, and the signature of such parent or guardian shall be properly acknowledged before a

notary public or other officer competent under the laws to receive acknowledgments."

The language of this act is not clear in that it may be interpreted as requiring either the consent of both parents, or of one parent alone. It has been the practice of the clerk for many years under the rules regulating the conduct of the marriage license office, promulgated by this court, to accept the consent of the father alone unless he has deserted his family, or separated himself from them and failed to support his children, or his whereabouts is unknown. In such circumstances, the consent of the mother alone has been accepted.

The basis of this practice is that the father is to be regarded as the head of the family, and as such speaking for the whole family. Moreover, because it is his duty to support, maintain and educate his minor children, he was at common law regarded as having the custody and control of such children. Under the settled law of Pennsylvania he is entitled to his minor child's services and even the earnings, unless he has relinquished that right, or the child has become emancipated: Kauffelt v. Moderwell, 21 Pa. 222; Beaver, Bare & Co. v. Bare, 104 Pa. 58; Rundle v. Meyers, 133 Pa. Superior Ct. 433. To issue the license without his consent would deprive him of his right to the services of his child, which the law gives him, a right given him in recompense for his duty of maintenance and support. We ought not, without good cause, interfere with a father's right to determine what is best for the welfare of his minor children, for that is his social responsibility.

In so ruling, we have not omitted consideration of the case of In re Leber, 20 Lanc. 304, where the orphans' court appointed a guardian of the person to consent to a minor's marriage in a case where the mother consented. But there the court ruled that

the father unreasonably withheld his consent because the minor daughter was pregnant. It was obviously out of deference to the unborn child that the court intervened. No such situation exists here and no such public policy requires our intervention. If the minor and her mother cannot persuade the father to consent, at most it means only a delay until the minor arrives of age when the consent becomes unnecessary.

The appeal is dismissed.