# Penrose, Appellant, v. Caldwell.

*Affidavit of defense—Supplemental affidavit—Practice, C. P.*

A supplemental affidavit of defense cannot be said to be contradictory of the original affidavit of defense, where the supplemental affidavit is fuller and more specific than the original, and it appears that the facts averred in it are not irreconcilable with the facts expressly averred in the original, or with the necessary inferences to be drawn therefrom.

*Promissory notes—Payment of debt—Affidavit of defense.*

In an action upon a promissory note, an affidavit of defense is sufficient which avers that prior to the giving of the note, a third person had paid to the plaintiff, at a time and place stated, for and on behalf of the defendant, the full amount of the claim for which the note was given "for the purpose of liquidating the said claim in full, if any, that the said plaintiff had," and that this fact was not learned by the defendant until after he had given the note.

Argued Oct. 19, 1905. Appeal, No. 128, Oct. T., 1905, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1904, No. 2634, discharging rule for judgment for want of sufficient affidavit of defense in casa of Penrose v. Cadwell. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a promissory note.

Two affidavits of defense were filed.  The supplemental affidavit of defense was as follows:

That the said note upon which suit has been entered in the above case has been paid, and the money for the same was paid and received by the said plaintiff in Philadelphia, on, to wit: the latter part of January, 1902, only a few days before note was given by the defendant to the plaintiff in New York city, and while the plaintiff was assistant paymaster in the United States Navy.  The plaintiff's father, Medical Director Penrose, paying the said indebtedness to the plaintiff, upon behalf of the said defendant, and for the purpose of liquidating the said claim in full, if any, that the said plaintiff had, and, subsequently, deponent avers the said plaintiff accepted and received the note in question from the said defendant, knowing at the time that he had been paid the $100 in full of any claim which he might have against the said defendant, while the said defendant, at the time was innocent and was not apprised of this fact until he subsequently learned, while in Philadelphia, from his friend, Medical Director Penrose, whom he had known a number of years, that he had paid the same for him.  Deponent also avers that the plaintiff is endeavoring to collect his claim twice, said indebtedness having been paid as aforesaid, and the said defendant not being indebted to or owing the plaintiff any other sum or sums, or is not indebted to him in the sum for which this suit is instituted of $100.

Deponent further states that the plaintiff has not complied with his agreement to cancel the note, entered into in New York when the note was signed, whereby he was to be released, under the circumstances more fully set out in the original affidavit.

Deponent further says in conclusion that there was no consideration upon or for which the said note was given, he never having received a penny from the plaintiff, nor any service or other good and valuable consideration, but in truth and in fact was deceived into giving the said note to the said plaintiff.

The said defendant is not indebted to the said plaintiff in the sum of $100, with interest, as averred in plaintiff's statement, or in any sum.

552 PENROSE, Appellant, *v.* CALDWELL.

Statement of Facts—Opinion of the Court. [29 Pa. Superior Ct.

All of which is true and the deponent verily believes he can prove on the trial of the cause.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*Daniel R. Rothermel,* with him *Joseph A. Culbert* and *J. Stanley Smith,* for appellant.—The original and supplemental affidavits are to be construed as one affidavit : Susquehanna Mut. Fire Ins. Co. v. Sprenkle, 13 York Leg. Rec. 121 ; Hertz v. Sidle, 20 Pa. Superior Ct. 88 ; Sykes v. Anderson, 14 Pa. C. C. Rep. 329.

The affidavit fails to state the information, belief and expectation of ability to prove that the payment of the money was made by plaintiff's father in liquidation of plaintiff's claim. The affidavit shows that defendant's informant is dead : Black v. Halstead, 39 Pa. 64 ; Newbold v. Pennock, 154 Pa. 591 ; Tilli v. Vandegrift, 18 Pa. Superior Ct. 485.

*Edgar N. Black,* for appellee.

PER CURIAM, December 11, 1905 :

An affidavit of defense must not be self-contradictory. It is argued that an original and a supplemental affidavit of defense are to be construed as one affidavit, and, therefore, when, without explanation, the supplemental affidavit contradicts the averments of the original in matters essential to a valid defense, the court is warranted in holding that they are insufficient to prevent a judgment. This may be conceded as a general proposition, but we think it does not apply to the case. The supplemental affidavit is fuller and more specific than the original, but the facts averred in it are not irreconcilable with the facts expressly averred in the original, or with the necessary inferences to be drawn therefrom.

The affidavits contain recitals which, for the sake of conciseness, might well have been omitted. Passing these, as well as the averment that the defendant never owed the sum for which the note was given, we find it distinctly and positively averred that, prior to the giving of the note, a third person had paid to the plaintiff, for and on behalf of the defendant, the full

amount of the claim for which the note was given, "for the purpose of liquidating the said claim in full, if any, that the said plaintiff had," and that this fact was not learned by the defendant until after he had given the note. The time and place of payment, as well as the sum paid, are set forth with particularity, and the affidavit concludes: "All of which is true and the deponent verily believes he can prove on the trial of the case." It is thus seen that the defendant avers positively, not upon mere information, the existence of certain facts which, if proved, would constitute a defense, and that he verily believes he can prove them upon the trial. The concluding averment is almost literally a copy of one which in Hutton v. McLaughlin, 1 Pa. Superior Ct. 642, was held sufficient. See also Eyre v. Yohe, 67 Pa. 477.

The appeal is dismissed at the costs of the appellant, but without prejudice, etc.