## Woodoleum Flooring Company *v.* Kayser, Appellant.

*Affidavit of defense—Supplemental affidavit—Practice, C. P.*

1. When two affidavits are filed in a case, they are to be construed as one affidavit, and must not be self-contradictory. If the supplemental affidavit contradicts the averments of the original in matter essential to a valid defense, the court is warranted in holding that they are insufficient to prevent a judgment, but, where it is simply fuller and more specific than the original and the facts are not irreconcilable with the facts expressly averred in the original, or with the necessary inferences to be drawn therefrom, the two affidavits are to be treated as one and measured by the well-established tests.

*Affidavit of defense—Contract—Performance.*

2. In an action by a subcontractor against the contractor for the construction of a building, for the price of flooring furnished by the plaintiff, it appeared from the statement that the plaintiff was to lay the floor, and also guarantee that the material would not craze, crack or blister, and would make the same good for a period of five years. The affidavit of defense averred that the contract was made with the full knowledge of the contract and specifications, that the plaintiff guaranteed that the flooring should be done in accordance therewith, in a manner first class and satisfactory to the owner and the defendants, but that the floor was uneven and not level; that it was in a cracked, blistered, uneven and imperfect condition, and that the owner had

refused to accept it because of its unsatisfactory condition, and that notice of this was given to the plaintiff during the progress of the work. *Held*, that the affidavit of defense was sufficient.

Argued Oct. 21, 1910. Appeal, No. 155, Oct. T., 1910, by defendants, from order of C. P. No. 3, Phila. Co., March T., 1910, No. 1,541, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Woodoleum Flooring Company v. Samuel Kayser et al., Copartners, trading as Kayser & Allman. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for work and material furnished.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Edmund W. Kirby*, with him *Robert J. Byron*, for appellants.—The defendants rest their case upon the principle firmly established in Pennsylvania, that where the plaintiff undertakes to do work, or furnish materials, or perform a contract to the satisfaction of the defendant, the defendant is the sole judge as to whether or not he is satisfied, and his statement of dissatisfaction discharges him from liability under the contract, except where his dissatisfaction is capricious, which question is one for the jury: Singerly v. Thayer, 108 Pa. 291; Seeley v. Welles, 120 Pa. 69; Howard v. Smedley, 140 Pa. 81; Delahunty Dyeing Machine Co. v. Knitting Mills, 19 Pa. Superior Ct. 501; Meyers v. Catawissa Coal Co., 219 Pa. 1; Payne v. Roberts, 214 Pa. 568.

*Thomas F. Gain*, with him *William Kelley*, for appellee.—The affidavits were contradictory: York Engineering Co. v. Standard Heating & Engineering Co., 24 Lanc. L. R. 230; Port Kennedy Slag Works v. Krause, 5 Pa. Superior Ct. 622; Susquehanna Mut. Fire Ins. Co. v. Spren-

kle, 13 York L. R. 121; Penrose v. Caldwell, 29 Pa. Superior Ct. 550.

The affidavits were insufficient: Snyder v. Lingo, 30 Pa. Superior Ct. 651.

OPINION BY ORLADY, J., March 3, 1911:

When two affidavits are filed in a case, the effect to be given to the second or supplemental one is to be determined by the rule announced by this court in Penrose v. Caldwell, 29 Pa. Superior Ct. 550. They are to be construed as one affidavit, and must not be self-contradictory. If the supplemental affidavit contradicts the averments of the original in matter essential to a valid defense, the court is warranted in holding that they are insufficient to prevent a judgment, but, where it is simply fuller and more specific than the original and the facts are not irreconcilable with the facts expressly averred in the original, or with the necessary inferences to be drawn therefrom, the two affidavits are to be treated as one and measured by the well established tests.

The inception of this contract was in a verbal agreement between the parties, which was ratified by the plaintiff in a letter of August 11, 1909, in which it is stated "Confirming our verbal agreement on woodoleum floor for the Mercantile Club." The plaintiff was to lay the floor and also guarantee that material will not craze, crack or blister and "we will stand ready to make the same good for a period of five years," etc.

Of the material averments in the two affidavits, it appears that the contract was made with the full knowledge of the requirements of the contract and specifications entered into between the defendants and the mercantile club, and the plaintiff guaranteed that the flooring should be done in accordance therewith, in a manner first class and satisfactory to the mercantile club, and the defendants. The terms and conditions of the prior verbal agreement (mentioned in the letter of August 11) are not given in the statement, but it is distinctly averred in the supplemen-

tal affidavit that the floor was uneven and not level: that it was in a cracked, blistered, uneven and imperfect condition; that the club had refused to accept it because of its unsatisfactory condition, and that notice of this was given to the plaintiffs during the progress of the work.

While there are 3,000 feet more or less of flooring provided for, the whole was to be considered as a single undertaking and every part of it was to be completed in accordance with the specifications and to the satisfaction of the club: Singerly v. Thayer, 108 Pa. 291; Delahunty Dyeing Machine Co. v. Knitting Mills, 19 Pa. Superior Ct. 501.

We feel that the allegations in the statement were sufficiently denied with reasonable certainty to constitute a substantial defense. The rule for judgment in such a case, is in the nature of a demurrer to the affidavit, and the material averments in it are to be taken as true and capable of proof, and their full legal effect is to be given them.

The judgment is reversed and a procedendo awarded.