## Simon *v.* Magaziner et al., Appellants.

*Brokers—Real estate brokers—Commissions—Affidavit of Defense—Supplemental affidavit—Insufficiency.*

In an action of assumpsit by a real estate broker to recover a commission, the statement of claim averred that the plaintiff procured a written contract of sale executed by the record owner, and that a memorandum was attached to the contract, signed by the record owner and one of the defendants, in which they agreed to pay the plaintiff a sum stated as a commission.

The affidavit of defense averred that the record owner alone was bound to pay the commission and that plaintiff had orally represented to. the record owner that she was to divide the commission

with the purchaser. By a supplemental affidavit of defense it was averred that the record owner was acting as the agent of the defendants and that the plaintiff knew that the defendants were the real parties interested.

Under such circumstances the affidavits were insufficient and judgment was properly entered in favor of the plaintiff.

It is a serious omission to change the defense in a material respect, by a supplemental affidavit, without giving any reasons therefor.

In such a case defendants cannot take advantage of the alleged representation by plaintiff that he would divide the commission, there being no allegation that the defendant, who was acting in the matter, was induced to sign the contract by any false statement of the plaintiff.

Argued December 14, 1925. Appeal No. 355, October T., 1925, by defendant from judgment of C. P. No. 4, Philadelphia County, June T., 1925, No. 1064, in the case of Caroline F. Simon v. Louis Magaziner, Victor Eberhard, James R. Harris, Trading as Magaziner, Eberhard & Harris. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Argued December 14, 1925. Appeal, No. 355, October Before AUDENRIED, P. J., and FINLETTER and McCULLEN, JJ.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The rule was made absolute. Defendant appealed.

*Error assigned,* was the order of the court.

*D. Arthur Magaziner,* for appellant.—In an action by an agent for commission in the sale of real estate, it is a sufficient defense that the agent acted in bad faith: Audenried's Appeal, 89 Pa. 114; Union Refining Co. v. Pentecost, 79 Pa. 491; Yeaney v. Keck, 183 Pa. 532; Graham v. Cummings, 208 Pa. 516; McCaffrey v. Page,

20 Pa. Superior Ct. 400; Linderman v. McKenna, 20 Pa. Superior Ct. 409.

*J. L. Wetherill,* of *White & Wetherill,* for appellee.— The affidavit was insufficient: Manufacturers' Record Publishing Co. v. Holton, 22 Pa. Superior Court 120; Cote v. Christy, 10 Pa. Superior Ct. 318; Raeder v. Butler, 19 Pa. Superior Ct. 604; Little v. Thropp, 245 Pa. 539; Bateman v. The Grand Fraternity, 18 Pa. Superior Ct. 385; Harkins v. Life Insurance Co., 67 Pa. Superior Ct. 261.

Opinion by Trexler, J., February 26, 1926:

Judgment was entered for want of a sufficient affidavit of defense. The plaintiff's statement avers that she was a real estate broker, and had in her hands for sale a certain property of the defendants. Through her efforts, there was an agreement of sale made in which Bessie Githens, agreed to sell to Albert B. Mills, the property for the sum of $32,000. To this agreement, there was added a memorandum, which reads: "We hereby approve the above contract dated March 31st, 1925, and for these services will pay Caroline F. Simon a commission of $2,000, or if settlement is not made by buyer we will pay C. F. Simon $500 for services. Bessie Githens, Lillian M. Maeder, Louis Magaziner." Bessie Githens was merely a figure-head to carry the title, the defendants being the equitable owners. This suit is brought to recover the $2,000 due the plaintiff, less credits. The affidavit of defense states (1) That Bessie Githens alone was bound to pay the $2,000 and the defendants disclaimed any liability for that amount and (2) that at the time of the signing of the agreement of sale by Bessie Githens, the plaintiff orally represented to the said Bessie Githens that half of the sum of $2,000 was to be paid to Albert B. Mills, the purchaser. By supplementary affidavit filed, it is stated that when the contract was made, Bessie Gith-

ens was acting for the defendants as their agent and that the defendants were the real parties interested, and that the plaintiff knew it. It will be noticed that in one respect the supplemental affidavit changes the defense in a material respect, without any reason being given for such a change of front. This is a serious omission. Elzea v. Brown, 59 Pa. Superior Ct. 403.

The lower court properly decided that the note appended to the contract of sale plainly binds the defendants to pay the $2,000. To say that one of the defendants signed the note as a mere witness is not plausible. He gives no reason why he did not designate himself as a witness. As said by the lower court, the use of the pronoun "we" very plainly indicated there was more than one person to be bound. In fact, the specific purpose of the memorandum would seem to be to bind the defendants, rather than the agent, so far as this contract of sale was concerned, for the agent, Miss Githens, had already signed the contract of sale, and any further approval by her was unnecessary. Evidently, the purpose of the post-script was two-fold, as far as the defendants were concerned. First, it was a ratification by the principals of the act of the agent; Second, it bound them, together with the legal owner, to pay the commissions to the person who made the sale and who was not a party to the contract of sale.

As to the defense that Bessie Githens was induced to fix the compensation of the plaintiff by false representation, it may well be argued, as pointed out in the opinion of the lower court, that the plaintiff's services were to be paid for because she negotiated the sale of the property, and that the defendants were not concerned as to what she would do with the money, and therefore, the false statement was immaterial. But there is another reason why the defendants cannot take advantage of this, for there is no allegation that Magaziner, the defendant who was acting in the matter, was in-

duced to sign the contract by any false statement of the plaintiff. It is no where asserted that the plaintiff's statement, in relation to the division of her commissions, was made to him, or that it was ever communicated to him by Bessie Githens, or in any way influenced his actions.

The assignment of error is overruled and the judgment is affirmed.