## Davis et al., Appellants, *v.* Investment Land Co.

450

Argued March 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles Alvin Jones,* with him *Leonard S. Levin* and *Sterrett & Acheson,* for appellants.—Plaintiffs' claim for the contract consideration is legally enforceable, the contract having been removed from the operation of the statute of frauds.

The contract of surrender was fully executed: Auer v. Penn, 92 Pa. 444; Jenkins v. Root, 269 Pa. 229; McKinney v. Reeder, 7 Watts 123; Kiester v. Miller, 25 Pa. 481.

The lease surrendered by parol is within the statute of frauds: Whiting & Co. v. Opera House, 88 Pa. 100, 102, 103; Jennings v. McComb, 112 Pa. 518, 521; Willis-Winchester Co. v. Clay, 293 Pa. 513, 519.

The statute does not require an agreement for purchase money to be in writing: Freed v. Richey, 115 Pa. 361; Tripp v. Bishop, 56 Pa. 424.

The contract of surrender was so far executed that it would be against equity to rescind the same on the ground of the statute: Malaun v. Ammon, 1 Grant 123; Hertzog v. Hertzog, 34 Pa. 418; Moore v. Small, 19 Pa. 461.

452

The "expenses not compensable" requirement was later repudiated by this court in the case of a parol sale: Jamison v. Dimock, 95 Pa. 52.

*Edwin W. Smith*, of *Reed, Smith, Shaw & McClay*, with him *Joseph Stadtfeld*, for appellee.—The contract averred in the statement of claim is clearly within the statute of frauds: Auer v. Penn, 92 Pa. 444; Rohbock v. McCargo, 6 Pa. Superior Ct. 134; Pratt v. Jewelry Co., 69 Pa. 53.

The admissions of demurrer constitute no waiver of the statute: Thompson v. Sheplar, 72 Pa. 160; Walter v. Transue, 17 Pa. Superior Ct. 94.

There has been no such performance as to take the case out of the statute.

Unless possession be taken under the contract, there can be no pretense of part performance: Whiting & Co. v. Opera House Co., 88 Pa. 100; Derr v. Ackerman, 182 Pa. 591.

The statement does not set forth a legal claim: Ellet v. Paxson, 2 W. & S. 418; Tripp v. Bishop, 56 Pa. 424, 425; Sands v. Arthur, 84 Pa. 479; McClintock v. Oil Co., 146 Pa. 144; Walter v. Transue, 17 Pa. Superior Ct. 94; Henrici v. Davidson, 149 Pa. 323; Republic Chemical Co. v. Fishel & Marks Co., 29 Pa. Dist. R. 540.

OPINION BY MR. JUSTICE SIMPSON, April 15, 1929:

To plaintiffs' statement of claim, defendant, under the authority of section 20 of the Practice Act of May 14, 1915, P. L. 483, 486, filed an affidavit of defense raising questions of law; this was sustained by the court below and a judgment entered for defendant, from which plaintiffs now appeal. In determining whether or not such a judgment should be or should have been entered, two rules must always be applied: (1) The question to be decided is not whether the statement of claim is so clear in both form and specification as to entitle plaintiff to proceed to trial without amending it, but whether, upon

the facts averred, it shows with certainty that the law will not permit a recovery by plaintiff; and (2) Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it. On these points see Rhodes v. Terheyden, 272 Pa. 397; Briggs v. Logan Iron & Steel Co., 276 Pa. 326; Geary v. Schwem, 280 Pa. 435; Steel v. Levy, 282 Pa. 338; Thomas v. Employers Liability Assurance Corporation, 284 Pa. 129, 134; Miller v. Miller, 284 Pa. 414, 416; Gray v. Phila. & Reading Coal & Iron Co., 286 Pa. 11, 14. Tested by these rules, the judgment is erroneous.

Probably plaintiffs' whole difficulty, in the present stage of the case, arises from their ignoring section 5 of the Practice Act of May 14, 1915, P. L. 483, which requires that "Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusion of law." The present statement is far from "concise and summary" regarding the facts which are necessarily averred, and contains, in addition, paragraph after paragraph of that which should not have been stated at all. These errors of practice do not furnish, however, a reason why judgment should be entered for defendant in the first instance, but only why the statement should be stricken off, as provided by section 21 of the act (P. L. 487), as amended by the Act of May 23, 1923, P. L. 325: N. Y. & Penna. Co. v. New York Central R. R., 267 Pa. 64; King v. Brillhart, 271 Pa. 301; Drabant v. Cure, 274 Pa. 180; Duggan v. Duggan, 291 Pa. 556.

As to the principal item which plaintiffs seek to recover, their statement of claim avers that they were lessees of certain properties, by written leases which had more than three years to run; that defendant, as the owner of the properties, wished to obtain an assign-

ment and surrender of the leases which plaintiffs had, and offered them a specified sum if they would comply with that desire; this offer plaintiffs accepted, and, at defendant's request, notified their subtenants to remove, except those whom defendant wished to remain on short-term leases, of a character specified by it; that plaintiffs fully complied with their agreement; they and their subtenants, except as stated, removed from the properties, but defendant wrongfully refused to pay the amount agreed upon, solely for a reason which had no relation to or connection with the agreement in suit.

Defendant's contention is that the Statute of Frauds of March 21, 1772, 1 Sm. L. 389, and section 4 of the act of the Sales Act of May 19, 1915, P. L. 543, as amended by the Act of April 27, 1925, P. L. 310, bar plaintiffs' claim. So far as the Acts of 1915 and 1925 are concerned, but little need be said. They apply only to "a contract to sell or a sale of any goods or choses in action," and leaseholds are neither the one nor the other. The suggestion that they may be "choses in action" because suits may be brought on them, indicates an oversight of fundamental principles. So may suits be brought for a ground rent reserved by deed, but it is real estate nevertheless: Cobb v. Biddle, 14 Pa. 444; White's Est., 167 Pa. 206. Choses in action do not include real chattels but only personal ones (Bouvier's Law Dictionary, Rawle's 3d Revision, page 483), whereas a leasehold is a chattel real; 2 Bl. Comm. 386; Brown v. Beecher, 120 Pa. 590.

Turning then to the Act of 1772, which is the defense actually relied on, we find it provides "that no leases, estates or interests, either of freehold or terms of years ......shall, at any time after the said tenth day of April, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law." In its brief, defendant ad-

mits that, despite the statute, plaintiffs are entitled to recover damages if they prove the contract and breach averred; but asserts that their recovery cannot be measured by the amount agreed to be paid. This admission is sufficient to require a reversal of the judgment. Even at a trial, the sitting judge should, as against a motion for a nonsuit or for binding instructions, reopen a case for the purpose of enabling a plaintiff to amend, if necessary, and to produce additional evidence, if of opinion he is entitled to recover substantial damages, but, by an error of judgment, has attempted to measure the extent of his recovery in the wrong way. A fortiori, the court should not summarily enter judgment on the pleadings, because of such an error. The time has long since gone by when the rights of a litigant are to be measured solely by the skill of the pleader. Indeed, from the earliest days that anachronism found little countenance in this Commonwealth, where the procedure in common law actions was, as it still is, governed by equitable principles: see the papers by Anthony Laussatt, Jr., on "Equity in Pennsylvania," by Lawrence Lewis, Jr., on "The Courts of Pennsylvania in the Seventeenth Century," and by Hon. John W. Simonton on "Pennsylvania Jurisprudence," printed in volume 1 Pennsylvania Bar Association Reports at page 221, page 353 and page 3 respectively.

But we are not convinced that plaintiffs cannot here recover the amount agreed upon. Defendant admits that, if there had been a parol surrender and acceptance, the statute would not stand in the way of recovery. It was so stated in Auer v. Penn, 92 Pa. 444, and has not since been doubted by us. We there said, page 446: "The fact that a lease is for a longer term than three years, does not prevent a rescission thereof by agreement of the parties when accompanied by a surrender of the term and possession by the tenant to the landlord, and the acceptance thereof by the latter." It is contended that this quotation is not applicable because defendant

did not take possession of the properties, and hence did not accept a surrender. Acceptance is not a technical matter, however, but may be shown by proof of such facts as are fairly consistent with the idea of acceptance only. This is well illustrated by Jenkins v. Root, 269 Pa. 229, where the landlord did not formerly accept a surrender, but, through his agent, leased the property to a third party. We held that such conduct was an exercise of dominion over the property, inconsistent with the continuance of the original tenancy, and hence evidence of an acceptance of the surrender. In the instant case, it is averred that defendant directed how new leases should be made with existing tenants, so that they could be excluded on short notice, and the leases were so drawn and executed. From this a jury could properly find that there was an exercise of dominion over the properties, consistent only with defendant's acceptance of plaintiffs' surrender of control. True, the new leases were made by and with plaintiffs; but it is averred this course was pursued at defendant's request, for purposes of its own with which plaintiffs were not concerned; facts which, if proved, will show that defendant acted in regard thereto, through its agents, exactly as was the case in Jenkins v. Root, supra.

So, also, though this is not so clearly admitted by defendant, where, as here, the contract was so far performed as to render it inequitable to permit a defendant to interpose the bar of the statute, he will not be allowed to do so. In Hancock v. Melloy, 187 Pa. 371, 379, quoting with approval from Riggles v. Erney, 154 U. S. 244, we said: "If the parol agreement be clearly and satisfactorily proved, and the plaintiff, relying upon such agreement and the promise of the defendant to perform his part, has done acts in part performance of such agreement to the knowledge of the defendants—acts which have so altered the relations of the parties as to prevent their restoration to their former condition—it would be a virtual fraud to allow the defendant to inter-

pose the statute as a defense, and thus to secure to himself the benefit of what has been done in part performance." It would be equally a fraud, under such circumstances, to refuse recovery to these plaintiffs who, on the faith of the contract and with the knowledge of defendant, so acted, at the request and for the benefit of the defendant, as to result in great and irremediable loss to them, if the contract is not enforced. They not only gave up their valuable long-term leaseholds, but, at the request of defendant, and in order to enable it to readily obtain exclusive possession, when it desired so to do, caused all subtenants to remove, except those who, for defendant's benefit, were willing to and did exchange their existing leases for ones with shorter terms.

It is also possible—though we do not decide the question—that as defendant refused to carry out its contract solely for a reason which had no relation to the statute of frauds, it would not be permitted, after suit brought and expense incurred, to assert a new and distinct ground from that which it had expressed: see McCormick v. Royal Ins. Co., 163 Pa. 184.

As the judgment must be reversed it is not necessary to consider whether or not, in any event, plaintiffs could recover, on the statement as now drawn, for the breach of the separate agreement to give them a lease of one of the properties for one year. Doubtless, if the facts justify it, they will, before proceeding further, amend their statement in such a way as to remove this and all other known objections to it.

The judgment of the court below is reversed and a procedendo is awarded.