## Wales Textile Co., Inc. *v.* Commercial Factors Corporation, Appellant.

Argued October 7, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Alexander N. Rubin, of Hirschwald & Goff,* for appellant.

*Lawrence Potamkin,* and with him *Peter P. Zion,* for appellee.

OPINION BY KELLER, J., December 16, 1932:

Foreign attachment in assumpsit. Plaintiff claimed to recover from defendant the amount of a credit balance in the former's favor which the latter admittedly sent it on October 6, 1931. This amount represented the balance due by defendant on account of certain purchases it had made from one Harry Goldstein, which Goldstein on terminating his relations with the plaintiff had notified defendant to pay plaintiff.

The affidavit of defense filed recognized that Goldstein was acting as the selling agent of the plaintiff. If so, the rights of the plaintiff could not be affected by any subsequent attempt on the part of Goldstein to rescind his previous order of payment.

A supplemental affidavit must not be inconsistent with the original affidavit. If the supplemental affidavit contradicts the averments of the original in matter essential to a valid defense, the court is warranted in holding that they are insufficient to prevent judgment: Woodoleum Flooring Co. v. Kayser, 45 Pa. Superior Ct. 372, 374; at least when no explanation is given of the change: Penrose v. Caldwell, 29 Pa. Superior Ct. 550; Elzea v. Brown, 59 Pa. Superior Ct. 403, 407; Simon v. Magaziner, 87 Pa. Superior Ct. 560, 563. The attempt, in the supplemental affidavit, to change Goldstein's status from 'selling agent' to 'independent contractor'—whatever that may mean in the sale of goods—was wholly ineffective, for the rest of the supplemental affidavit admitted by clear inference that the goods sold the defendant were the property of the plaintiff, and had been sold by Goldstein to defendant "with the knowledge and consent of the legal plain-

tiff.'' If the plaintiff had sold the goods to Goldstein and he in turn had sold them to the defendant, it would have been easy to aver it, and in that case ''the knowledge and consent of the legal plaintiff'' to such sale would have been wholly immaterial. If they were the plaintiff's goods, sold by Goldstein to defendant, the plaintiff is entitled to the purchase money for them yet in defendant's hands, no subsequent superior rights having intervened: Farmers' & Mechanics' National Bank v. King, 57 Pa. 202, 205; McDermott v. Miners' Savings Bank, 100 Pa. 285, 287; Peoples Bank v. McDowell National Bank, 103 Pa. Superior Ct. 241, 247. The credit memorandum did no more than recognize this liability.

The court below committed no error in entering judgment for the plaintiff for want of a sufficient affidavit of defense.

The judgment is affirmed.