Rosenfield, Admr., Appellant, *v.* Kline.

Argued November 18, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Joseph W. Beaman,* for appellant.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellee.

OPINION BY PARKER, J., January 29, 1937:

This is an appeal from an order refusing plaintiff's
motion for judgment for part of plaintiff's claim for
want of a sufficient affidavit of defense. The contention
of the appellant is that the various averments of the
defendant in her different affidavits of defense and bill
of particulars were so inconsistent and contradictory
as to warrant the granting of plaintiff's motion for judg-
ment.

William M. Rosenfield, administrator of John Sloan,
deceased, sued Sara E. Kline to recover the sum of
$4,865.14. The statement of claim embraced twelve
items set forth in separate paragraphs. Five of these
claims were for sums paid by Sloan in his lifetime to

third parties, and it was alleged that defendant had agreed to repay such sums to Sloan. Another paragraph concerned an item of $2,500 of which $2,000 had been paid to certain real estate agents. Those six items are not involved in this appeal except insofar as the answers disclose the relationship between the parties. The remaining six paragraphs covered amounts aggregating $1,251 and were all averred in substantially the same language. Paragraph 3 is typical of these items and was as follows: "On December 23, 1929, said John Sloan loaned to said Sara E. Kline the sum of one hundred (100.00) dollars cash, which sum she orally promised and agreed to repay to the said John Sloan, but has neglected so [to] do; wherefore the said sum of one [hundred] dollars, with interest from December 23, 1929, is due and payable." To these five paragraphs the defendant in her affidavit of defense severally replied, denying that John Sloan loaned to her the money claimed or that she promised or agreed to repay the same. Later she filed an amended affidavit of defense adding a paragraph wherein she averred that all of the items in the plaintiff's statement alleged to have been loans to her and payments for her benefit or for her account "were actually gifts and gratis to her, made by the said John Sloan, and payments made by the said John Sloan for the improvement and repairs of her said Fourth Street house in order to serve the purposes of the said John Sloan who was a bed-ridden invalid in said residence and to make the house in which he was residing and where he expected to reside as long as he continued to live more comfortable, convenient and suitable as his place of residence for him and was for his actual personal benefit."

Later, in answer to a petition for a more particular and detailed affidavit of defense, the defendant filed a bill of particulars in which she enlarged upon and specified items with some particularity. Again the defend-

ant presented a petition to the court asking leave to amend her affidavit of defense by alleging that through inadvertence an error was made in the amendment by incorrectly stating the facts. In this last amended affidavit which was filed, she averred that as to all of the items covered in paragraphs 3, 4, 5, 6, 10, and 14 (the items involved in this appeal) of plaintiff's statement she denied that she had at any time received cash from the deceased, but that at various times while the defendant was caring for him she made trips to the bank for him for the purpose of obtaining currency in exchange for the checks of the deceased. In these matters she acted simply as a messenger, or agent, of the deceased and in every instance the cash was disposed of "as directed by the deceased and was not received by the defendant as a loan." She also alleged that these payments were not gifts.

We might further add that the previous affidavits of defense alleged, with respect to Paragraph 7, that Sloan was a chronic invalid for some time prior to his death and the defendant was a practical nurse; that Sloan had been living in a hotel in Towanda which was not suitable for his proper care and comfort; that he was ordered by his family physician to make a change and he then negotiated for the purchase of a property and requested the defendant to take the title; that the cost of the property and the cost of certain alterations were paid at least in part by checks to the order of the defendant who paid the obligations on account thereof; that Sloan agreed to give her the title and that she, in turn, was to care for him for a fixed compensation per week at the home so purchased.

"When two affidavits are filed in a case, the effect to be given to the second or supplemental one is to be determined by the rule announced by this court in *Penrose v. Caldwell*, 29 Pa. Superior Ct. 550. They are to be construed as one affidavit, and must not be self-

contradictory": *Woodoleum Flooring Co. v. Kayser*, 45 Pa. Superior Ct. 372.

If the different answers are clearly contradictory they are not sufficient to prevent judgment. This principle is, however, subject to an exception. It does not apply when the defendant is able to give a satisfactory explanation for his previous error. The thought was well expressed by Judge TREXLER in *Elzea v. Brown*, 59 Pa. Superior Ct. 403, 407, as follows: "We can easily imagine that a defendant might honestly swear to an allegation which he afterwards finds is not correct. In such cases it would seem that when he subsequently changes his position he should afford some explanation as to why he has assumed a different attitude in regard to the question." In *Wales Textile Co. v. Commercial Factors*, 107 Pa. Superior Ct. 202, 163 A. 374, the rule was stated, but qualified by the expression "at least .when no explanation is given of the change."

We agree with the learned judge in the court below that the pleadings are not satisfactory and leave much to be desired. We do not recommend them as a model to be followed, but nevertheless agree with that court that there is not such a contradiction or such evidence of evasion as should, under the circumstances, deprive the defendant of an opportunity to present her defense.

The fifth section of the Practice Act (12 PS 386) wisely provides that the pleadings "shall contain, and contain only, a statement ...... of the material facts on which the party pleading relies for his claim, or defense ...... but not the evidence by which they are to be proved, or inferences, or conclusions of law." Observance of this mandate would avoid much trouble. When we separate the wheat from the chaff we find a statement of the facts on which the defendant relies. The apparent contradictions arise from the inferences drawn. In other words, on the facts stated it is a legal question whether payments made to defendant or for her account were gifts or, partially at least, for a valu-

able consideration. So viewing the different answers, the contradictions are not serious.

The defendant is apparently not a business woman and she was answering twelve different claims that involved a lot of figures of which she probably had no record. She states that she inadvertently called certain of the payments gifts. She had also referred to certain of the payments as being made for her but insisted that in all the payments which are here involved, while the checks were drawn to her order, she acted merely as the agent of Sloan in making the disbursements as directed by him. This was an additional fact which it was proper for the defendant to state, but it might well be that on the facts stated the payment would at least in part consist of a gratuity. She has never receded from her position that the payments were not loans, which was the claim averred in the statement of claim.

We think the common pleas court wisely disposed of the matter in not entering a summary judgment. "Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it": *Davis v. Investment Land Co.*, 296 Pa. 449, 453, 146 A. 119. Also see *Reinhardt v. B. & L. Assn.*, 120 Pa. Superior Ct. 539, 545, 182 A. 750.

The order of the court below is affirmed.