Opinion by
 

 Boss, J.,
 

 This is an appeal by the plaintiff in an assumpsit action from the refusal of a motion for judgment on the pleadings.
 

 The plaintiff, Alec Levin, declared on an oral contract averring that on or about February 22, 1948, at the request of the defendants, he furnished labor and materials for the plastering of a laundry room and the walls and ceilings of an apartment, and for “sand-finishing the walls of the boiler rooms” of certain premises owned by the defendants. Defendants in their answer admitted the contract for the plastering but denied liability for the sand-finishing “as this work had been contracted for between the plaintiff and the defendants in a prior contract under the terms of which payment had been made in full by the defendants to the plaintiff”. The defendants admitted liability to the plaintiff for $460.00 but averred that “payment has not been made for the reasons hereinafter set forth in the defendant’s counter-claim”. In their counterclaim the defendants averred: “Plaintiff and defendants entered into a written contract on or about October 29, 1947, which is set forth hereinafter as defendants’ Exhibit ‘A’ ”, that plaintiff failed to complete the terms of the contract and, as a result, the defendants expended the sum of $501.52 (or more than the amount admitted due to the plaintiff).
 

 Exhibit “A”, the written contract of October 29, 1947, was between the defendants and
 
 Samuel
 
 Levin— not
 
 Alec
 
 Levin, the plaintiff. After the plaintiff filed preliminary objections to defendants’ counterclaim on the ground that it was based on a contract with
 
 Samuel
 
 Levin, a third party, the defendants filed an amended answer denying plaintiff’s allegations of an oral contract with them and averring that all their dealings were with Samuel Levin. The plaintiff, thereupon, moved for judgment on the pleadings on the ground that the
 
 *41
 
 two answers are inconsistent and contradictory as, of course, they are. In the original answer the defendants admitted contracting with the plaintiff and in their amended answer they deny all contractual relations with him.
 

 A supplemental affidavit must not be inconsistent with the original affidavit. If a supplemental or amended answer or affidavit contradicts the averments of the original in matter essential to a valid defense, the court is warranted in holding that they are insufficient to prevent judgment.
 
 Woodoleum Flooring Co. v. Kayser,
 
 45 Pa. Superior Ct. 372. However, this principle is subject to the exception that it does not apply when there is a satisfactory explanation of the contradictions or inconsistencies in the averments of the answers.
 
 Wales Textile Co. v. Commercial Factors Corp.,
 
 107 Pa. Superior Ct. 202, 163 A. 374;
 
 Rosenfield Admr., v. Kline,
 
 125 Pa. Superior Ct. 82, 189 A. 512.
 

 In this case the explanation seems apparent: the defendants confused the plaintiff
 
 Alec
 
 Levin with
 
 Samuel
 
 Levin, with whom they had executed a written contract—a clear mistake in names. This inference must logically be drawn from the fact that to their original answer and as the basis of their counterclaim, the defendants attached a copy of the written contract with
 
 Samuel.
 
 The defendants should not be refused their day in court because of this obvious mistake, whether it arose from carelessness or not.
 

 The power to enter summary judgment is intended only for clear cases, and any doubt should be resolved against the entry of such judgment
 
 (National Cash Register Co. v. Ansell,
 
 125 Pa. Superior Ct. 309, 189 A. 738;
 
 Davis et al. v. Investment Land Co.,
 
 296 Pa. 449, 146 A. 119). “Any other conclusion would be a reversion to the practice,—common in ancient days, but happily
 
 *42
 
 not now,—of making the rights of litigants depend on the skill of the pleader, rather than on the justice of their claims”.
 
 Rhodes v. Terheyden et al.,
 
 272 Pa. 397, 116 A. 364. In our opinion the learned court below properly refused to enter summary judgment in this case.
 

 Orders affirmed.