## Hilbert v. Lawn Mutual Insurance Co.

*Harry P. Creveling*, for plaintiff.

*Paul A. McGinley*, for defendant.

HENNINGER, P. J., February 25, 1958.—Plaintiff was insured by defendant for public liability in connection with the use of his automobile, the pertinent clauses reading:

"Coverage A—Bodily Injury Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as dam-

ages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"Coverage B—Property Damage Liability

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Plaintiff was sued by one Robert V. Dimmig as the result of an automobile accident, and Dimmig obtained a judgment against this plaintiff for $3,000, which defendant refused to pay, whereupon plaintiff suffered liability for said amount, had an automobile worth $195 sold for $1 in satisfaction of said judgment, paid $360 in taxi fare because of loss of his license, lost credit to the value of $2,000 and incurred counsel fees of $750 to collect the above amounts.

Defendant filed preliminary objections to plaintiff's amended complaint as follows: (1) Demurrer because no legal cause of action; (2) motion for more specific statement because no statement to whom notice was given of pendency of Dimmig suit; (3) motion to strike off damages.

Plaintiff had filed a prior complaint containing all of the items of damage, excepting the counsel fee of $750, to which defendant had filed preliminary objections asking for a more specific pleading in that (a) no statement of when and to whom notice of the Dimmig suit had been given, (b) no statement in detail of compliance with policy provisions and (c) no statement of coöperation with defendant. We filed an opinion dismissing the objections and ordering defendant to

answer over on the merits. Nevertheless by stipulation, plaintiff filed the amended complaint.

Defendants second preliminary objection to the amended complaint is dismissed because it is covered by our former opinion. See, also, Pa. R. C. P. 1019 (*c*) on the question of pleading conditions precedent.

There might be merit to defendant's third preliminary objection, for we are convinced that plaintiff is claiming items of damage to which he is not entitled. There is at least one item of damage to which plaintiff would be entitled even upon defendant's theory of the case and that would be the sacrifice of an automobile worth $195 in partial satisfaction of the judgment. As we shall show later, we are convinced that there can be no doubt of plaintiff's right to recover, if he can recover at all, the amount of the judgment against him.

Having found a substantial item of damages properly pleaded (see Davis v. Investment Land Co., 296 Pa. 449, 455), we do not intend at this time to pick out piecemeal any items to which plaintiff would not be entitled. That can be determined at pretrial conference or at trial.

Plaintiff raises the interesting question whether defendant, not having demurred to the original complaint, may now demur to the amended complaint, since as to the main point involved (the right to sue without having paid the judgment) the two complaints were subject to the same objection. For this proposition, plaintiff relies upon Pa. R. C. P. 1028 (*b*), which provides that all preliminary objections shall be raised at one time: Mooney v. MacLellan, Inc., 23 Lehigh 385; Friedman v. W. A. E. B., Inc., et al., 152 June term 1956.

Since defendant still has the right to move for judgment on the pleadings (Pa. R. C. P. 1034 (*a*)), albeit only after the pleadings are closed, we might well

decide the point of law involved at this time and forestall such a motion.

The only case cited by defendant (West v. MacMillan, 301 Pa. 344) does not sustain its position. That case recognizes that a policy may provide indemnity against liability as well as liability against damages and that where there is a provision for defense of any action by the insurer, as in this case, the policy is usually one of indemnity against liability.

Furthermore, despite the language in the policy in the MacMillan case that no action should lie against the insurer except for moneys actually paid by the insured in legal tender in satisfaction of a final judgment, it was held that the contract was for indemnity against liability and not for indemnity against damages. The corresponding provision in plaintiff's contract with defendant states:

"Action Against Company—Coverages A and B.

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after the actual trial or by written agreement of the insured, the claimant and the company."

By the very terms of the policy in suit, the right to sue accrues upon final judgment and not upon satisfaction of the judgment.

In any event, the demurrer would be without foundation, since plaintiff, besides having a fixed liability for $3,000, has incurred an immediate and direct loss of the value of his automobile.

Now, February 25, 1958, defendant's preliminary objections are dismissed, and defendant is directed to file an answer on the merits within 20 days after service of this order upon its counsel.