Avondale Cut Rate, Inc., Appellant, *v.*
Associated Excess Underwriters, Inc.

Argued January 8, 1962.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

494

[redacted]

*Harry Lore,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 13, 1962:

The Avondale Cut Rate, Inc., plaintiff in this case, owns the Avondale Farmers' Market in Londongrove Township, Chester County. Like every other business establishment possessing material wares subject to destruction by fire, it made arrangements to buy fire insurance to cover its property and, in doing so, dealt with the Associated Excess Underwriters, with offices in Philadelphia, which engages in placing fire insurance. After preliminary conversations, the Avondale Cut Rate, Inc. (hereinafter to be called Avondale), paid to Associated Excess Underwriters, Inc. (hereinafter to be called Associated), the sum of $390 as premium on a certain fire insurance policy. On November 25, 1959 it received from Associated its Cover Note which showed that Associated had effected insurance on the Avondale Farmers' Market through the Indemnity Insurance Co., Ltd., for one year from November 6, 1959 in the maximum amount of $6500.

On April 26, 1960, the Avondale Farmers' Market was consumed by flames, with losses amounting to $10,755.65. Avondale immediately notified Associated and the Indemnity Insurance Company and filed the required proof of loss with both companies. Neither company made any offer of payment and, after waiting eight months for the offer which never arrived, Avon-

dale brought suit in assumpsit against both Associated and the Indemnity Insurance Company for the face value of the policy, $6500.

The Indemnity Insurance Company filed neither appearance nor answer, but Associated filed an answer in which it admitted issuing the Cover Note above indicated but, in spite of this, denied that it was an agent of Indemnity. On the contrary, it averred that in accordance with the customs of the trade it had requested the Realdo Insurance Brokers, an insurance brokerage company with offices in Quebec, Canada, to obtain and provide coverage for Associated in accordance with its needs. Associated said further that Realdo issued its Cover Note showing that it had obtained insurance coverage for Avondale through the International American Insurance Company, Ltd. A copy of the Realdo Cover Note was attached to the answer and it showed that it was dated May 9, 1960, or thirteen days *after* the fire had occurred! Parenthetically it may be said that the Court will take judicial notice of the fact that no insurance company would knowingly issue a policy to cover losses on goods which were already in ashes before application for insurance was made.

Avondale filed preliminary objections which were in the nature of a motion to strike, a demurrer,[1] and a motion for a more specific pleading. The objections in the nature of a motion to strike and for a more specific pleading were sustained, but the Court made no disposition as to the objection in the nature of a demurrer.

Associated now filed an amended answer averring facts in direct contradiction to most of what was said

---

[1] "Demurrer: 1. The facts alleged in the Answer do not set forth a legal defense. 2. The defendant has shown no facts indicating that it is not an insurance carrier, or that it is not qualified to act on behalf of an insurance carrier. 3. The defendant does not deny that the plaintiff sustained a fire loss, as alleged in the Plaintiff's Complaint."

in the original answer. It still admitted authenticity of its Cover Note showing that Indemnity had issued a policy of fire insurance on Avondale's property but denied that by giving the Cover Note it insured the plaintiff against loss by fire. It also denied that it acted as the agent for Indemnity. Yet, in spite of these categorical denials it categorically declared: "Defendant further avers that acting in good faith and at the instance and request of plaintiff, the insurance as requested was placed and effected with the Indemnity Insurance Company, Ltd.; that at the time defendant issued its said Cover Note, insurance with Indemnity Insurance Company, Ltd. was in fact in effect."

. Of course, this declaration was in absolute contradiction of the statement made in the original answer, namely, that it had requested insurance through Realdo Insurance Brokers which had issued defendant a Cover Note executed on May 9, 1960, showing insurance secured with the International American Insurance Company, Ltd. The defendant made no attempt to explain these glaringly patent and irreconcilable inconsistencies between the averments in the original answer and those in the amended answer.

The plaintiff now moved for judgment on the pleadings. If law is the handmaiden of truth, it is difficult to see why the plaintiff should not prevail. In the original answer the defendant clearly showed that it had breached the duty it owed to the plaintiff to obtain the insurance specifically designated in its Cover Note. Instead of purchasing insurance with Indemnity, as it engaged to do, it flatly asserted that it had taken out the insurance with another company through Canadian brokers and *after* the fire losses had occurred.

Because of the statements and exhibits contained in the complaint and original answer, the defendant became liable for the losses sustained by Avondale as a result of Associated's failure to perform the duty it

undertook to perform for Avondale and as it represented to the plaintiff, it had performed. In *Luther v. Coal Operators Cas. Co.*, 379 Pa. 113, we said: ". . . where an insurance agent or broker promises, or gives some affirmative assurance, that he will procure or renew a policy of insurance under such circumstances as to lull the 'insured' into the belief that such insurance has been effected, the law will impose upon the broker or agent the obligation to perform the duty which he has thus assumed."

In the *Luther* case the rule thus announced did not apply because it was proved that the defendant had not assumed any duty to act for the plaintiff and had made no representations of any action taken upon which the plaintiff could reasonably rely. But in the case at bar there is no question that the defendant did, as shown in its Cover Note to plaintiff, admit that it had obtained the insurance which the plaintiff had requested and which was specifically described in the Cover Note. Nowhere has the defendant denied the plaintiff's allegation of the payment of the indicated premium for the insurance contracted for.

The liability of the defendant under the admissions and statements in the original answer is strikingly clear. The only issue before us is whether this liability became altered because of the amended answer in which the defendant no longer stated that the insurance was placed with another insurance company after the fire but that, as it had engaged to do, it did in effect place and effect with Indemnity the insurance requested by the plaintiff and that when the defendant issued its Cover Note to the plaintiff, the insurance with Indemnity was in fact, in effect. What the defendant attempted to say, by its amended answer, was that it actually performed the duties undertaken by it. The actions of the defendant in this respect would indicate that it is making ducks and drakes of the law because

it has utterly failed to give any explanation whatever for the inconsistent averments and exhibits in its original answer which unquestionably manifest a breach of the duty it owed the plaintiff. Not only did it fail to offer any explanation in the court below for its self-contradictory answer but it has not seen fit to offer any explanation in this Court, it having filed no brief and having made no appearance.

The Court below refused the plaintiff's motion for judgment on the pleadings, stating that once an amended pleading is filed, the plaintiff may not resort to averments in the original answer, relying, in this respect on the cases of *Skelton v. Lower Merion Township*, 318 Pa. 356 and *Atherton v. Clearview Coal Co.*, 267 Pa. 425. We are not satisfied that what was stated in those cases was intended to controvert the established rule that an amended answer which is irreconcilable and inconsistent with admissions in the original answer, without explanation for the inconsistencies, is insufficient to prevent the granting of judgment in favor of the plaintiff.

In *Levin v. Kapnek*, 166 Pa. Superior Ct. 39, the Superior Court said: "A supplemental affidavit must not be inconsistent with the original affidavit. If a supplemental or amended answer or affidavit contradicts the averments of the original in matter essential to a valid defense, the court is warranted in holding that they are insufficient to prevent judgment. Woodoleum Flooring Co. v. Kayser, 45 Pa. Superior Ct. 372. However, this principle is subject to the exception that it does not apply when there is a satisfactory explanation of the contradictions or inconsistencies in the averments of the answers. Wales Textile Co. v. Commercial Factors Corp., 107 Pa. Superior Ct. 202, 163 A. 374; Rosenfield Admr., v. Kline, 125 Pa. Superior Ct. 82, 189 A. 512." In that case an explanation *was* made, it appearing that there had been a confusion in names.

In *Penn Mutual Indemnity Co. v. Manhattan Mutual Automobile Casualty Co.*, 348 Pa. 605, this Court affirmed the action of the lower court which entered a judgment against the defendant for want of a sufficient affidavit of defense, saying: "When two or more affidavits are filed in any case the effect to be given the latest is to be determined by construing all as one affidavit. *They must not be self-contradictory.* In Rosenfield v. Kline, 125 Pa. Superior Ct. 82, 86, the court said: '*If the different answers are clearly contradictory they are not sufficient to prevent judgment.* This principle is, however, subject to an exception. It does not apply when the defendant is able to give a satisfactory explanation for his previous error.' See Woodoleum Flooring Company v. Kayser, 45 Pa. Superior Ct. 372, 374. Appellant, in its original affidavit of defense, did not deny that the premiums due on the respective policies had been paid to it. In its amended and substituted affidavit of defense, however, such payment is denied. This is plainly contradictory. To prevent judgment, appellant must bring itself within the exception and give satisfactory explanation for the inconsistencies . . .

. . .

"Under the circumstances presented, appellant has failed to satisfactorily explain the patent inconsistency in the original and amended affidavits of defense." (Emphasis supplied)

In *Penrose v. Caldwell*, 29 Pa. Superior Ct. 550, the Superior Court stated: "An affidavit of defense must not be self-contradictory. It is argued that an original and a supplemental affidavit of defense are to be construed as one affidavit, and, therefore, when, without explanation, the supplemental affidavit contradicts the averments of the original in matters essential to a valid defense, the court is warranted in holding that they are insufficient to prevent a judgment. This may be conceded as a general proposition . . ."

In *Woodoleum Flooring Co. v. Kayser*, 45 Pa. Superior Ct. 372, the Superior Court said: "If the supplemental affidavit contradicts the averments of the original in matter essential to a valid defense, the court is warranted in holding that they are insufficient to prevent a judgment."

In the case at bar, as already pointed out, the amended answer contradicted "the averments of the original in matters essential to a valid defense." The two answers not only contradict each other but they are wholly irreconcilable and the only escape route available to the defendant was to offer an explanation. That explanation was not made.

Even with the liberality of amendment allowed by Rule 1033 of the Pennsylvania Rules of Civil Procedure, the defendant is still faced "with the general historic principle which requires basic consistency between the amended defense and the original": 1 Goodrich-Amram, Section 1033.7, pp. 239-240.

In reversing the order of the court below we are not unmindful of the rules that the power to enter summary judgments is not to be employed except in clear cases with all doubts to be resolved against such drastic action[2] and that the rights of litigants should not be made to depend on the skill of the pleaders but rather on the justice of their claims.[3]

This case, however, is not one wherein the hazards of technical pleading may result in an unfair judgment. On the contrary the scales of justice incline heavily in favor of the plaintiff, and it would not be in keeping with the true spirit of the law in the attainment of a fair and just result in any given litigation that it should be subjected to the delays and expense of a trial when the written and sworn pleadings with their docu-

---

[2] *National Cash Register Co. v. Ansell*, 125 Pa. Superior Ct. 309; *Davis v. Investment Land Co.*, 296 Pa. 449.

[3] *Rhodes v. Terheyden*, 272 Pa. 397.

mentation unequivocally demonstrate the dereliction of the defendant in the performance of actions voluntarily and compensatedly undertaken, which dereliction it has wholly failed to explain.

Order reversed with directions that judgment be entered in favor of the plaintiff for $6500 with interest.

Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.