**Kramer v. Agarwal**

*Emily J. Leader,* for plaintiffs.
*John F. Goryl,* for defendants.

SHUGHART, *P.J.*, August 25, 1981—This case is before us on defendants' petition to open or strike a default judgment entered on March 27, 1981. Upon review of the record, we conclude that a fatal defect exists, see Malakoff v. Zambar, Inc., 446 Pa. 503, 288 A. 2d 819 (1972); therefore, the default judgment must be striken.

Plaintiffs filed a complaint in assumpsit and trespass on July 12, 1979. Because of their inability to effect service, they had to reinstate the complaint several times. Eventually they requested the court to issue an order giving them the special right of service pursuant to Pa.R.C.P. 2079, which order was issued on January 13, 1981. An attorney entered his appearance for defendants on February 12, 1981. Plaintiffs granted his request for an extension of time in which to file an answer on February 23, 1981, and defendants were given until March 9, 1981 to answer. On February 27, 1981, defendants' attorney wrote plaintiffs that he no longer represented defendants. Despite the exten-

sion to March 9 to answer, on March 2, 1981, plaintiffs' attorney issued a ten-day notice of intention to enter a default judgment. On March 7, 1981, defendants sent a mailgram to the Prothonotary of Cumberland County, entitled "Motion to Grant Extension of Time," which stated that "defendants hereby deny everything in the subject complaint and fully intend to defend themselves from this untruthful, baseless, unjust, improper, and unwarranted complaint." On March 27, 1981, plaintiffs filed a praecipe to have default judgment entered for $2063 pursuant to Pa.R.C.P. 1037. On April 14, 1981, defendants filed a petition to open or strike default judgment.*

We agree with defendants that the mailgram sent to the prothonotary on March 7, 1981, constituted an answer, albeit an inadequate one. Plaintiffs' proper response to an inadequate answer was to move to strike the pleading, not to obtain a default judgment. Although the answer did not conform to the Rules of Civil Procedure, it was enough to preclude a default judgment. When an answer is filed, the case is at issue and a default judgment is inappropriate.

Rule 1037, the basis for the default judgment, reads in part: "The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for *failure to file* within the required time an answer . . ." Pa.R.C.P. 1037(b) (emphasis supplied). Under this rule, default judgment can be entered where defendant has failed to file an answer, not where he has simply failed to serve an answer: John Meyer & Sons, Inc. v. Rhea, 1

---

*Plaintiffs' counsel agreed at oral argument that the default judgment as to the trespass count was defective and must be stricken.

D. & C. 3d 77, 58 Westmoreland 149 (1976). Here, the defendants responded by denying the allegations against them. They should not be made to suffer a default judgment merely because their answer did not conform to the Rules of Civil Procedure. After all, "the rights of litigants should not be made to depend on the skill of the pleaders but rather on the justice of their claims." Avondale Cut Rate, Inc. v. Associated Excess Underwriters, Inc., 406 Pa. 493, 500, 178 A. 2d 758, 762 (1962) (footnote omitted). This is especially so where, as here, a pleading is prepared pro se. Moreover, default judgments taken quickly after expiration of the due date for an answer are not favored, mainly because prejudice to the party taking judgment can rarely be shown: Slott v. Triad Distributors, Inc., 230 Pa. Superior Ct. 545, 327 A. 2d 151 (1974). Defendants answered the complaint within the time allowed by plaintiffs; hence, the default judgment must be stricken.

In addition, there are serious doubts whether the plaintiffs strictly complied with Pa.R.C.P. 237.1 (Notice of Praecipe for Entry of Default Judgment). Rule 237.1(a) provides, in part:

"No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered *and to his attorney of record,* if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement *shall be attached to the praecipe."* (Emphasis supplied).

Here there was an agreement for an extension but it was not attached to the praecipe. Strict compliance with the rule was therefore lacking. While our decision is not bottomed on this point, it should be emphasized that because of the disfavor for default judgments, litigants benefiting from such judgments must adhere strictly to all procedural rules.

## ORDER

And now, August 25, 1981, for the reasons appearing in the opinion filed this date, the default judgment entered against defendants Shanker S. Agarwal and Pushpa Agarwal in Civil Action No. 3156, 1979, is hereby stricken. Defendants are given 20 days to file an amended answer.